## J. H. DAVIS v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 11 October, 1916.)

**1. Carriers of Goods—Contracts of Shipment—Bills of Lading—Evidence.**

While a bill of lading is the usual evidence of a contract of shipment between a consignor of goods and a common carrier by rail, and the carrier is usually required to issue one on demand, it is not essential to such contract that a bill of lading therefor should have been issued by the carrier.

**2. Same—Interstate Commerce Acts—Amendment.**

The act of Congress amending section 20, Interstate Commerce Act, 34 U. S. Statutes, ch. 3591, sec. 7, requiring the issuance of a bill of lading by the carrier to the consignor of a shipment, is not inhibitive in its terms or purpose; and the statute, being enacted chiefly for the purpose of imposing on the initial carrier responsibility for the entire carriage of an interstate shipment, does not relieve the carrier from liability under a contract of shipment entered into without it.

14—172

CIVIL ACTION tried on appeal from court of justice of peace, before *Devin, J.,* and a jury, at June Term, 1916, of CARTERET.

The action was to recover the value of two bales of cotton destroyed by fire on the platform or in the warehouse of defendant company at New Bern, N. C., in October, 1910.

Defendant denied having received the cotton for shipment; claimed it was only with defendant as warehouseman, as bailee, for plaintiff's accommodation, and, if so, there was no evidence of default on part of defendant. On issues submitted there was verdict for plaintiff, judgment on verdict, and defendant excepted and appealed.

*W. R. Wheatley and Abernethy & Davis for plaintiff.*
*J. F. Duncan, Moore & Dunn, and C. M. Bain for defendant.*

HOKE, J. On the trial the question of liability between these parties was made to depend upon whether the cotton had been received and held by defendant company under a contract of shipment or whether it had been left on defendant's platform with a view of being shipped at a later date. Under the charge of his Honor, the issue was submitted to the jury as a question of fact. They have accepted plaintiff's version of the transaction, and we find no reason for disturbing the result.

The evidence of plaintiff tended to show that the cotton had been left on defendant's platform and was received and held by defendant under a contract of shipment, but the witness stated that no bill of lading had been issued by the company at the time; that the company's agent gave the witness who acted for plaintiff in the matter two tags with plaintiff's name on them, with instructions to put same on the bales, and it was chiefly urged for error that since the Carmack Amendment and rules of Interstate Commerce Commission applicable there could be no valid contract by a common carrier for interstate shipment without the issuance of a written bill of lading; but the position is without merit.

While a bill of lading is the usual evidence of a contract of shipment with a common carrier by rail, and such carrier is usually required to issue one on demand, it has never been considered an essential of such a contract. *Berry v. R. R.,* 122 N. C., 1002; 1 Hutchison on Carriers (3 Ed.), sec. 152; 6 Cyc., pp. 416-417.

In Hutchison it is said: "No receipt or bill of lading or writing of any kind is required to subject the common carrier to the duties and responsibilities of an insurer of goods. As soon as they are delivered to him for present carriage, and nothing necessary to their being forwarded remains to be done by the owner, the law imposes upon him all the risks of their safe custody as well as the duty to carry as directed," etc. And,

RAWLS *v.* R. R.

in the citation to Cyc., *supra,* p. 417: "An instrument issued by the carrier to the consignor, consisting of a receipt for the goods and an agreement to carry them from the place of shipment to the place of destination, is a bill of lading. Of course, it is not essential that a bill of lading be issued, for, in the absence of any such instrument, the rights of the shipper and the duties of the carrier are to be determined by the common law." The act of Congress amending section 20, Interstate Commerce Act, approved 29 June, 1906, and appearing in 34 U. S. Statutes, ch. 3591, sec. 7, was enacted chiefly for the purpose of imposing on the initial carrier responsibility for the entire carriage of an interstate shipment, and while it requires the issuance of a bill of lading in evidence of such contract and responsibility, there is nothing inhibitive in its terms or purpose. The requirement for a bill of lading is imposed primarily for the benefit of the shipper, and, in our opinion, it does not and was not intended to relieve the carrier from liability who may have entered into a contract of shipment without it. A position not dissimilar has been approved and applied with us in several cases against insurance companies where a policy issued in violation of some requirement, established for the protection of the policyholder only, was held a binding obligation on the company, and recovery thereon was sustained. *Morgan v. Fraternal Assn.,* 170 N. C., pp. 75 and 80; *Robinson v. Life Ins. Co.,* 163 N. C., 415.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.