R. B. McRARY ET AL. v. SOUTHERN RAILWAY COMPANY.

(Filed 14 November, 1917.)

1. **Carriers of Goods — Bills of Lading — Parol Agreements — Commerce—Federal Law—Evidence.**

   The relation of carrier and shipper may be created without written bill of lading, and when the shipment is interstate and the agreement of shipment rests in parol, the requisite stipulations of sale or contract as prescribed by Federal statute or valid regulations of the Interstate Commerce Commission will attach and govern the rights of the parties; but when written bill of lading has been issued it should be introduced in evidence. The effect of the Cummins Act, later enacted, was not considered.

2. **Carriers of Goods—Bills of Lading—Evidence—Carrier's Memorandum—Limited Valuation—Released.**

   A written memorandum made and signed by the carrier's agent stating that it was for its own filing, and that it was neither the original bill of lading nor duplicate nor copy thereof, that the signature was to acknowledge the amount prepaid for the freight charges, can only be considered, at most, as the carrier's receipt for the charges prepaid; and where the writing indicates that the shipment had been released in consideration of a certain limited valuation placed upon the goods, such does not afford substantive and sufficient evidence thereof in an action against the carrier for loss or damage thereto.

3. **Same—Appeal and Error—Verdict—Judgments.**

   The appellant is required to show error in the judgment below; and where the carrier contends that, as a matter of law, there is error in the amount of damages awarded for partial loss of a shipment of antique furniture, in sets, on the ground that the furniture was shipped released in consideration that the value thereof did not exceed a certain amount per hundred pounds, and there is reasonable inference from the evidence that the loss of the part affected the value of the entire shipment, which would equal, at the limited valuation claimed, the amount of the verdict, the judgment will not be disturbed. The effect of the Cummins Act, later enacted, was not considered.

4. **Carriers of Goods — Claims — Damages — Amount Stated — Payment—Estoppel.**

   It is not required that a claimant state the amount of his loss, in his claim for damages against a carrier, and though such amount is stated it does not control his recovery in his action against the carriers, for the claim usually provided for by a clause in the bill of lading is recognized as valid chiefly for the purpose of notifying the carrier that a claim is being made and to direct its attention to the matter at or near the time to enable it to procure evidence disclosing the real facts of the transaction; and unless there has been a payment in satisfaction or an adjustment of the claim accordingly, the amount therein demanded will not operate as an estoppel. The effect of the Cummins Act, later enacted, was not considered.

Cɪᴠɪʟ ᴀᴄᴛɪᴏɴ, tried before his Honor, *W. F. Harding, J.,* and a jury, at July Term, 1917, of Dᴀᴠɪᴅsᴏɴ.

The action was to recover damages for breach of contract of shipment of a lot of antique furniture over defendant railroad and others, made by R. S. McRary, at Lexington, N. C., on 2 November, 1914, consigned to Helen Ivey Company, plaintiff, at Germantown, Pa. Part of the furniture was lost and written notice of claim duly filed.

On denial of liability, there was verdict for plaintiff, assessing damages at $140. Judgment on the verdict, and defendant excepted and appealed.

*Phillips & Bower and Roper & Roper for plaintiff.*
*Walser & Walser and Linn & Linn for defendant.*

Hᴏᴋᴇ, J. There seems to have been no written bill of lading introduced in evidence, but there was parol testimony offered by plaintiff to the effect that on 2 November, 1914, plaintiff R. B. McRary shipped over defendant road and others to his coplaintiff, Helen Ivey, at Germantown, Pa., a lot of antique furniture, and that a portion of said furniture was never delivered, in breach of the contract of shipment, and that the pecuniary damage sustained was $140 or more.

Judgment having been entered for plaintiff, pursuant to verdict, for· that amount it is objected for defendant that there are facts in evidence which, as a matter of law, should limit plaintiff's recovery to a much less sum, but in our opinion this position cannot be sustained.

It is well established that the relationship of carrier and shipper may be created without any written bill of lading. *Davis v. Norfolk and Southern R. R.,* 172 N. C., 209; *Smith v. R. R.,* 163 N. C., 143. It is also held that, in case of interstate shipments, while a written bill of lading should always be issued in evidence of the·contract between the parties, if the same is omitted, the requisite stipulations of sale or contract as prescribed by the Federal statutes or valid regulations of the Interstate Commerce Commission will attach and govern ‘the rights of the parties concerning it. *Bryan v. L. and N. R. R. Co.,* present term; *Tafts & VanDyke v. A. C. L. R. R.,* present term; *Peanut Co. v. R. R.,* 166 N. C., 62; *R. R. v. Mugg,* 202 U. S., 242.

While these positions are fully recognized with us, we find nothing in the record which necessarily, or as a matter of law, should reduce the amount of plaintiff's recovery as established by the verdict. The written memorandum introduced and chiefly relied upon by defendant is entirely too indefinite to be allowed any such effect. Acknowledging that a bill of lading has been issued, it begins with the statement that "it is not the original bill of lading nor a copy nor a duplicate covering the property

named, but is intended solely for filing." The only signature appearing on the paper and purporting to be that of the agent, signed, it seems, by the billing clerk, is prefaced by the statement that "the signature here acknowledges the amount prepaid," and the paper, at most, can only be considered as a receipt for so much money prepaid on the shipment. If it be conceded that this memorandum also contains evidence tending to show that the goods were shipped released and on a valuation limited to $5 per hundred pounds, and with testimony *ultra* to the effect that the weight of the goods actually lost was not more than 285 to 305 pounds, there are also facts in evidence to the effect that the weight of the entire shipment was much greater; that it consisted of a lot of antique furniture, a portion of it in sets, and permitting the inference that a loss of a part might very well cause substantial damages to the remainder and in weight more than sufficient to justify the verdict even at the limited valuation. It is the recognized principle that the appellant is required to show error (*Oil Co. v. Burry,* at the present term; *In re Smith's Will,* 163 N. C., 464), and if the view suggested should be accepted by the jury, there is nothing which necessarily restricts plaintiff's recovery below the sum established by the verdict, and the exceptions of the defendant presenting the position must be overruled.

It is further shown that the consignee, Helen Ivey, in presenting her claim, stated the amount of damages at $110, and it is insisted that she should not be allowed to recover a greater sum, but in this requirement usually provided for by a clause in the bill of lading, the amount demanded is not ordinarily of the substance and is not required to be given in making the claim. The provision is inserted and upheld as a reasonable stipulation more especially for the purpose of notifying the carrier that a claim for damages is made and directing its attention to the matter at or near the time, and with a view of enabling it to procure evidence disclosing the real facts of the transaction, and unless there had been a payment in satisfaction or adjustment of the claim, we see nothing that should estop the plaintiff from a recovery of her actual loss. This seems to be a proper deduction from authoritative cases dealing with the subject, as in *St. Louis, etc., ·R. R. v. Starboid, Admr.,* decided 30 April, 1917, Advance opinion, U. S. Supreme Court, L. R. A. Pub. Co. p. 462, where it was held, among other things, that the notice in writing stipulated for in a bill of lading need not give the amount of damages claimed.

It may be well to note that the facts of this transaction are of date prior to the Cummins Amendment, enacted 4 March, 1915, chap. 176, 38 U. S. Statutes, p. 1196, and the effect of such amendment on stipulations of this character have been in no way considered. *Bryan v. R. R., supra.*

We find no error, and the judgment for plaintiff must be affirmed.

No error.