T. C. MANN v. FAIRFIELD AND ELIZABETH CITY TRANSPORTATION COMPANY AND NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 25 September, 1918.)

**Carriers of Goods—Commerce—Federal Statutes—Notice of Claim—Bills of Lading.**

The Federal statutes controlling a recovery of damages to an interstate shipment by common carriers, on a through bill of lading, amendatory to the Carmack Amendment, and also the Cummins Amendment to the Interstate Commerce Act, vol. 38, Part I, U. S. Statutes at Large, ch. 176, page 1196-7, while recognizing the rights of the carrier, in proper instances, to stipulate for the presentation and filing of claims within a stated period, restricting such rights to a period of ninety days in one instance and four months in another, further provides that if the loss, damage or injury is due to delay in transit by carelessness or negligence, then no notice or filing of claim shall be required as a condition precedent to recovery; and where a connecting carrier has caused damages to a shipment in a manner coming within the terms of the last named proviso and action therefor has been commenced within two years, as the statute requires, against the initial carrier, giving a through bill of lading, the defendant is deprived of any defense which might arise from failure of plaintiff to give the notice stipulated for in the bill of lading and otherwise coming within the terms of the Federal statutes, and the plaintiff may recover damages to the shipment caused by a connecting carrier alone.

ACTION to recover damages for negligent delay and injury in transporting a shipment of 201 hogs, tried before *Bond, J.,* and a jury, at Special Term, 1918, of HYDE.

The evidence of plaintiff tended to show that on 18 December, 1917, he shipped with defendant Fairfield and Elizabeth City Transportation Company, at Fairfield, N. C., 201 hogs under a through bill of lading, via Elizabeth City to Onley, Va., the Norfolk and Southern Railway being the next connecting carrier. That Onley is 110 miles from Elizabeth City and the shipment was received at Onley on the next Monday, seven days thereafter, one of the hogs missing and four dead and the others in a greatly damaged condition. This incident to the wrongful delay and negligence in the transportation.

The case on appeal states, as an admission of plaintiff on the trial, that the hogs were delivered in due time and in good shape to the Norfolk and Southern, the next connecting carrier, at Elizabeth City, and all the negligence complained of was after the shipment left the imme-

diate charge of the defendant, the initial carrier; that plaintiff instituted suit in a proper court for recovery of said damages and filed complaint therein less than four months after the injury complained of.

On denial of liability, defendant put in evidence a stipulation in the bill of lading as follows:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months of delivery of the property, or in case of failure to make delivery, within four months after a reasonable time for delivery has elapsed. Unless claims are so made, the carrier shall not be liable."

The jury rendered the following verdict:

1. Was plaintiff injured by damage done to his hogs, caused by the negligence of defendants, connecting carriers, as alleged? Answer: "Yes."

2. If so, what damage is plaintiff entitled to recover of defendant company? Answer: "$700."

3. Did plaintiff give notice of his claim in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or within four months after a reasonable time for delivery had elapsed, as alleged in the answer? Answer: "No."

4. Did plaintiff begin suit, have summons served, and complaint filed within less than four months from time of injury to said hogs? Answer: "Yes."

It appears that a nonsuit had been entered as to the Norfolk and Southern, and, on motion, there was judgment for defendant, the Transportation Company, the court being of opinion that the clause in the bill of lading requiring notice in writing to be given in four months after the delivery was not complied with by the commencement of the action and filing complaint within said time. Plaintiff, having duly excepted, appealed.

*Ward & Grimes* for plaintiff.
*Spencer & Spencer and Meekins & McMullan* for defendant.

HOKE, J.. The Federal statute more directly relevant to the inquiry, amendatory of the Carmack Amendment and containing also the Cummins Amendment to the Interstate Commerce Act, appears in Vol. 38, Part I, U. S. Statutes at Large, chap. 176, pp. 1196-7, as follows:

"That any common carrier, railroad or transportation company, subject to the provisions of this act, receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country,

shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railway or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation or other limitation of any character whatsoever shall exempt such common carrier, railroad or transportation company from the liability hereby imposed; and any such common carrier, railroad or transportation company so receiving property for transportation from a point in one State, Territory, or the District of Columbia, to a point in another State or Territory, or from a point in a State or Territory to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a Territory shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made, is hereby declared to be unlawful and void: *Provided, however,* that if the goods are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, in which case the Interstate Commerce Commission may establish and maintain rates for transportation, dependent upon the value of the property shipped as specifically stated in writing by the shipper. Such rates shall be published as are other rate schedules: *Provided further,* that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law: *Provided further,* that it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits

than two years: *Provided, however,* that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

This statute, approved 4 March, 1915, retains so much of the Carmack amendment as requires, in interstate commerce, the issuance of a through bill of lading by the initial carrier, and making such carrier liable for any loss, damage, or injury to a shipment of that character, caused either by such initial carrier or any connecting carrier, and, in addition, makes such carrier liable, whether a bill of lading has been issued or not, for the *full* actual loss or damage or injury to such property caused by it, etc., "notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any receipt or bill of lading, etc., or in any contract, rule, regulation, or tariff filed with the Interstate Commerce Commission, and any such limitation, without respect to the manner and form in which it is sought to be made, is declared unlawful and void." The single restriction, as to the effect of this very sweeping provision, is that if the goods are "hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to their character, it may require the shipper to state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated."

While the statute recognizes the right of the carrier, in proper instances, to stipulate for the presentation and filing of claims within a stated period, restricting such rights to a minimum period of ninety days in the one case and four months in the other, the last clause of this amendatory act provides that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice nor filing of claim shall be required as a condition precedent to recovery.

The verdict having established that the loss and damage complained of in the present instance was caused by the negligence of the connecting carrier, the plaintiff's claim comes clearly within the express terms of the statute, and defendant is thereby deprived of any defense which might arise from failure of plaintiff to give the notice.

There are decisions of this State in actions against telegraph companies, favoring the position that a suit instituted and more especially complaint filed within the time will be sufficient compliance with the stipulation as to notice, or that it dispenses with the giving of other notice than the suit affords (*Mason v. Telegraph Co.,* 169 N. C., 229; *Bryan v. Telegraph Co.,* 133 N. C., 603), and a like decision has been made elsewhere in case of express companies (*So. Ex. Co. v. Ruth & Sons,* Ala.

Ct. App., 538; 59 So.), but the position is not considered; the statute applicable, and which affords the exclusive and prevailing rule on the subject, having, as stated, abolished the defense on facts presented by the record. *Bryan v. R. R.,* 174 N. C., 177; *Taft v. R. R.,* 174 N. C., 211, and *McRary v. R. R.,* 174 N. C., 563, were causes which arose before the statute and the defense referred to was recognized and enforced for that reason.

There is error in the ruling of the court, and we are of opinion that, on the verdict, the plaintiff is entitled to judgment.

Reversed.