J. H. AMAN v. DOVER AND SOUTHBOUND RAILROAD COMPANY.

(Filed 10 March, 1920.)

**1. Courts—Justice's Courts—Pleadings—Statutes—Amendments.**

The pleadings in a justice's court need not be in any particular form or drawn with technical accuracy, but are sufficient if they "enable a person of common understanding to know what is meant," Rev., 1463, and they may not "be quashed or set aside for want of form, if the essential matters are set forth therein," and ample powers are given the Court to amend either in substance or form, at any time before or after judgment in furtherance of justice. Rev., 1467.

**2. Pleadings—Interpretation—Refinements—Statutes.**

The ancient refinement of pleading more often defeated than promoted justice, and have long since been abolished by statute, Rev., 505, 507, 509, 512; and pleadings must now be liberally construed, disregarding mere form, to determine their effect. Rev., 495.

**3. Pleadings— Justice's Courts— Summons— Demand— Motions—Bill of Particulars.**

In an action brought in a justice's court to recover against a railroad company damages for loss of a part of a shipment of goods, the summons is sufficient which includes, in the amount demanded, the freight the plaintiff had paid, in the expression "due by goods lost on company's road," as the freight paid would be as much a loss as the goods, especially when the defendant had had the itemized statement filed by the plaintiff for many months, and failed to ask for a more definite statement of the claim or for a bill of particulars. Rev., 494, 496.

**4. Carriers of Goods—Bills of Lading.**

An instrument issued to the consignor by the carrier, receipting for the goods delivered to it and agreeing to transport the same to their destination, is a bill of lading.

**5. Same—Omission to Issue Bills of Lading—Relationship of Consignor and Carrier— Interstate Commerce— Statutes— Regulations— Interstate Commerce Commission.**

Where a bill of lading has not been issued by the carrier or a receipt of goods for transportation, the rights of the shipper and the duty of the

AMAN v. R. R.

carrier are to be determined by the common law, and their relationship of carrier and shipper may be created without any written bill of lading, and while for an interstate shipment a written bill of lading should always be issued, as evidence of the contract of the parties, yet, if the same is omitted, the requisite stipulations of the bill or contract, as prescribed by the Federal statutes, or valid regulations of the Interstate Commerce Commission, will attach and govern the rights of the parties.

6. **Carriers of Goods—Carrier and Consignor—Evidence—Weight of Evidence—Questions for Jury—Trials.**

Evidence that the plaintiff paid the freight charges to the carrier on a shipment, which was received by the carrier, and that a detailed statement of the whole transaction was filed with the carrier charging it with having accepted the goods; that they remained in its possession for months before and after the action was brought, without its objection or denial of the facts in any manner, is sufficient to establish the relation of consignor and carrier between the parties, and to permit a recovery for a part of the goods which was lost, the weight of the evidence being for the jury to determine.

CIVIL ACTION, tried before *Daniels, J.,* and a jury, at December Term, 1919, of ONSLOW.

Plaintiff sued before a justice of the peace for the value of goods shipped by the defendant's line to him at Richlands, N. C., from Charleston, S. C., which were lost in transit, and for the freight paid by him on -the same. He stated in his complaint the total sum due, and did not separate the items, that is, goods and freight charges which were paid. Judgment was given against him in the justice's court, and he appealed. In the Superior Court he testified that he ordered the goods from C. D. Francke & Company of Charleston, S. C., and all were received but the steel tires, described as "a bundle of rods." That he had demanded the rods several times, when he filed his claim for loss, which included, in the total, the amount paid by him as freight. In what is called in the case the receipted "freight bill," these goods are stated as "astray" or lost. The claim he filed with the defendant consisted of the statement of loss, the freight bill and a bill of lading signed by C. D. Francke & Company, but not by the railroad company. These papers were delivered to the defendant and kept by it for many months without any objection, so far as appears, to its form or substance, or any dispute of the claim; that only a part of the goods arrived at Richlands, and were delivered to him.

The court ordered a nonsuit as to both items of the claim for loss, because, presumably, the bill of lading was not signed by the railroad company at Charleston, S. C., and the claim for freight charges paid by him was not distinctly pleaded, but was included with the loss of the goods without any separate designation, the form of the complaint being

"for the nonpayment of so many dollars," with interest, "due by goods lost on said company's road and demanded by him." Plaintiff excepted, and appealed from the judgment.

*Duffy & Day for plaintiff.*
*T. D. Warren and Ward & Ward for defendant.*

WALKER, J., after stating the case as above: The pleadings in a justice's court are not expected to be in any particular form, or to be drawn with technical accuracy. They are required only "to be such as to enable a person of common understanding to know what is meant," Rev., 1463; and "no process, or other proceedings, shall be quashed, or set aside, for want of form, if the essential matters are set forth therein," and ample powers are given to amend either in the form or substance, at any time before or after judgment, in furtherance of justice. Rev., 1467. The ancient refinements of pleading, which more often defeated justice than promoted it, have long since been abolished, Rev., 505, 507, 509, 512, and it is now the law that pleadings, for the purpose of determining their effect, must be liberally construed, disregarding mere form, Rev., 495; *Blackmore v. Winders,* 144 N. C., 212; *Brewer v. Wynne,* 154 N. C., 467. Examined in the light of these statutes, we do not see why the item of freight charges paid by the plaintiff was not sufficiently set up in the summons. It was included in the amount stated to be due, and in the prayer for judgment, but was not distinctly called by its name, though it was embraced by the words "due by goods lost on the company's road." It was paid as freight on these goods, and, if not paid back to plaintiff, would be as much lost as the goods themselves, and it was the loss of the goods that entitled the loss of the freight money. It would be requiring too much if we should hold otherwise, and especially so when it appears that the defendant had the itemized statement of plaintiff, which was filed with his claim, many months before the trial and even before suit was brought. Besides, the defendant never asked for a more certain and definite statement of the claim, or for a bill of particulars, as he could have done. Rev., 494 and 496; *Allen v. R. R.,* 120 N. C., 550; *Conley v. R. R.,* 109 N. C., 692; *Blackmore v. Winders, supra.* As to the other question: An instrument issued by the carrier to the consignor, consisting of a receipt for the goods and an agreement to carry them from the place of shipment to the place of destination, is a bill of lading. Of course it is not essential that a bill of lading be issued, for in the absence of any such instrument the rights of the shipper and the duty of the carrier are to be determined by the common law. 6 Cyc., 417. It may, therefore, for the sake of discussion, be conceded that the paper signed only by Francke & Com-

pany was not a bill of lading. 6 Cyc., 417, note 80, and cases cited. Such a bill was not required to charge the defendant as carrier, as we have seen, and as will also appear by reference to the following authorities. 1 Hutchinson on Carriers (Math. & D.), sec. 152; 10 Corpus Juris, sec. 251, pp. 192 and esp. 193; *Berry v. R. R.,* 122 N. C., 1002; *Wells v. R. R.,* 51 N. C., 47; *McRary v. R. R.,* 174 N. C., 563. 1 Hutchinson on Carriers, *supra,* says: "No receipt, bill of lading, or writing of any kind is required to subject the carrier to the duties and responsibilities of an insurer of the goods. As soon as they are delivered to him for present carriage, and nothing necessary to their being forwarded remains to be done by the owner, the law imposes upon him all the risk of their safe custody as well as the duty to carry as directed. He is regarded as exercising in some sort the functions of a public office, and the law is said to impose upon him his duties and obligations upon this ground, as well as upon the ground of contract, and as soon as the delivery to him and his acceptance are shown, the law imposes the duty and responsibility in virtue of his public employment. In other words, his liability does not rest exclusively upon contract, however much it may be qualified or limited by express agreement." We have held it to be settled law that the relationship of carrier and shipper may be created without any written bill of lading. *Davis v. R. R.,* 172 N. C., 209; *Smith v. R. R.,* 163 N. C., 143. And it is also held with us that in case of an interstate shipment, while a written bill of lading should always be issued, as evidence of the contract between the parties, yet, if the same is omitted, the requisite stipulations of bill or contract, as prescribed by the Federal statutes, or valid regulations of the Interstate Commerce Commission, will attach and govern the rights of the parties concerning it. *R. R. v. Muggs,* 202 U. S., 242; *Peanut Co. v. R. R.,* 166 N. C., 62; *Bryan v. R. R.,* 174 N. C., 177; *McRary v. R. R.,* 174 N. C., 563. This Court has held in the *Bryan case, supra,* as stated in the second headnote: "In order to obtain uniformity of carriage contracts for interstate commerce, the Carmack Amendment to the Interstate Commerce Act requires the carrier to issue a bill of lading upon terms fixed by the Interstate Commerce Commission; and while a parol contract of shipment is upheld as binding, the uniform contract yet fixes its terms." The only question, then, is whether the package of goods was shipped, or, in other words, accepted by the carrier for transportation from Charleston to Richlands, and was it lost. There were facts and circumstances which constituted some evidence in support of this allegation, and which should have been submitted to the jury, with proper instructions from the court. That plaintiff paid the freight charges on his entire order of goods, and that the carrier accepted the same were circumstances tending to show receipt of the goods by the railroad company, for the company had no right to

charge for more than it actually received for shipment, and it is not at all-probable that it did so, and it offered no evidence itself to the effect that it did so charge. The retention of the claim filed with it for so long a time, without objection to it or denial of it, when it exhibited a detailed statement of the whole transaction, and substantially charged it with having accepted the goods for shipment, was another circumstance to be considered, and there may be others, but it is unnecessary to pursue this discussion further. It must not be inferred that we are even intimating any opinion upon the weight of the evidence, but only stating that there is some evidence upon the issues in the case. Its weight is for the jury to pass upon.

The judgment of nonsuit was erroneous, and will be set aside. The case must be submitted to a jury.

Error.