392

## CHARLES J. WEBB SONS CO., Inc., v. CENTRAL R. CO. OF NEW JERSEY.

District Court, S. D. New York. July 13, 1928.

Bigham, Englar & Jones, of New York City, for plaintiff.

Macklin, Brown & Van Wyck, of New York City, for defendant.

THACHER, District Judge. ▮ Upon the proofs the liability of the defendant is clearly established, because delivery of the goods at Pier 33, Brooklyn, for carriage to Camden, N. J., is clearly proven. If no bill of lading was issued upon delivery to the carrier, the terms of the uniform bill of lading control. New York Central R. Co. v. Lazarus, 278 F. 901 (C. C. A. 2d). As Judge Knox has already held in this case, under the terms of the uniform bill of lading the defendant is not relieved from liability as a rail carrier, while the goods are on board a lighter for lighterage across the harbor. Consequently the defendant is liable for the destruction of the goods by fire while on board the lighter, although it is conceded that it was guilty of no negligence. A bill of lading subsequently issued, showing shipment from Jersey City to Camden, could not change the obligations assumed by the carrier upon the acceptance of the goods in Brooklyn.

▮ It is, however, insisted that there is a fatal variance between allegation and proof, because the complaint alleges the issuance of a bill of lading upon delivery of the goods to the carrier, and annexes a copy thereof, whereas the proofs disclose that none was issued until after the fire, and then only for transportation from Jersey City to Camden. The parties, however, have stipulated that Plaintiff's Exhibit No. 3 for Identification is a copy of the uniform bill of lading in force under the rules of the Interstate Commerce Commission at the date the goods were loaded on the lighter, and that the court may consider the same on the motions for directed verdict so far as it may be relevant. Comparison of Exhibit 3 for Identification with the copy of the bill of lading annexed to the complaint shows these instruments to be identical in terms. The plaintiff is not seeking to recover upon a contract different from that alleged. The allegation that a bill of lading was issued may be disregarded without impairing the cause of action alleged in the complaint, and it was a matter of no importance to any one whether the allegation was proved or not.

A verdict having been directed in favor of the plaintiff, subject, however, to the opinion of the court, I see no reason for disturbing the verdict, and the plaintiff may have judgment in accordance therewith.