**SAN LORENZO NURSERY CO. et al. v. WESTERN CARLOADING CO., Inc., et al.**

United States District Court,
S. D. New York.
April 25, 1950.

554

Metrik & Widelitz, Jacob W. Friedman, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, James M. Hughes, Jr., New York City, for defendant Western Carloading Co. Inc.

BONDY, District Judge.

Plaintiffs, owners of a number of cases of orchids, seek to recover for damage to the orchids alleged to have been sustained during transportation from Hoboken, New Jersey, to Los Angeles, California, while in the possession of one or more of defendants. Defendants have moved for summary judgment dismissing the second cause of action on the ground that plaintiff Urmstom failed to institute suit within the period of limitation specified in the uniform bill of lading under which the orchids were shipped.

Defendant Western Carloading Company, Inc. (hereinafter called "Western"), an interstate freight forwarder for hire, received the orchids from the shipper in Hoboken, transported them to a rail head of defendant New York Central Railroad Company (hereinafter called "New York Central"), and loaded them into a railroad car furnished by New York Central. Thereafter the goods were transported to Los Angeles over the lines of New York Central and defendant Atchison, Topeka & Santa Fe Railway Company (hereinafter called "Santa Fe").

Western, as freight forwarder, issued a uniform straight bill of lading to the shipper covering the shipment of orchids from the time of its receipt until its delivery to plaintiff, the consignee, in Los Angeles. When the shipment in question was consolidated with other freight into a carload at the rail head of New York Central, the latter issued a uniform bill of lading to Western covering the entire carload and designating Western as both consignor and consignee.

Section 2(b) of the uniform bill of lading, insofar as pertinent, provides: " * * suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim. * * * When * * suits are not instituted * * * in accordance with the foregoing provisions, no carrier hereunder shall be liable. * * * "

The following facts are not disputed: In a letter dated August 15, 1946, Messrs. Hahn

& Hahn, attorneys for and acting on behalf of plaintiff, filed a claim with Western for the damage to the orchids. In a reply letter addressed to Hahn & Hahn, dated August 20, 1946, Western declined to pay the claim. There were no communications of any kind between Western and plaintiff or his representatives subsequent to August 20, 1946 concerning plaintiff's claim. This action was commenced on March 23, 1949. A Notice to Admit Facts, dated October 19, 1949, served upon counsel for plaintiff, requested plaintiff to admit that the letter of August 20, 1946 was received by Hahn & Hahn, attorneys for and acting on behalf of plaintiff. No answer was given to this request.

■ In view of plaintiff's failure to reply to the request to admit receipt by Hahn & Hahn, on behalf of plaintiff, of Western's written declination of claim, such receipt must be deemed admitted for purposes of this motion. Federal Rules of Civil Procedure, rule 36, 28 U.S.C.A. It is also pertinent to note that the affidavit of plaintiff's counsel submitted in opposition to this motion does not deny such receipt.

It appears, therefore, that suit was not instituted by plaintiff within two years and one day after receipt of written notice that his claim had been disallowed.

■ Plaintiff can not avoid the time limitation on the ground that as consignee he was not a party to the bill of lading issued by Western. It is only by reason of his position as "lawful holder" of the bill of lading that he has any recourse against Western in the first place. See 49 U.S.C.A. Sections 20(11), 1013. Nor can plaintiff escape the effect of the time limitation by denominating his action one for negligent handling of merchandise. Georgia, Florida & Alabama Ry. v. Blish Milling Co., 241 U.S. 190, 196–197, 36 S.Ct. 541, 60 L.Ed. 948.

■ It is true that the time limitation contained in the uniform bill of lading herein is set forth in small type, as are most of its terms and conditions. It is not asserted that plaintiff was ignorant of the limitation provision, but even if he were, or even if no bill of lading covering the shipment had ever been issued, plaintiff would be bound by the terms of the uniform bill of lading prescribed by the Interstate Commerce Commission. See New York Cent. R. Co. v. Lazarus, 2 Cir., 278 F. 900, 903; Charles J. Webb Sons Co. v. Central R. Co. of New Jersey, D.C., 28 F.2d 392; Carter v. Fleming, 238 Iowa 55, 25 N.W.2d 873, 876; Aman v. Dover & Southbound R. Co., 179 N.C. 310, 102 S.E. 392, 393; Standard Combed Thread Co. v. Pennsylvania R. Co., 88 N.J.L 257, 95 A. 1002, 1003, L.R.A. 1916C, 606; Western Maryland Ry. Co. v. Cross, 96 W.Va. 666, 123 S.E. 572, 574.

■ Plaintiff argues that his claim is not barred because Western did not give written notice of declination to "the claimant", as required by Section 2(b) of the bill of lading. This argument must be rejected since it is undisputed that Hahn & Hahn, to whom such notice was given, were acting on behalf of plaintiff. See Carter v. Fleming, 238 Iowa 55, 25 N.W.2d 873, 876. Moreover, plaintiff does not even assert that Hahn & Hahn neglected to notify him that his claim had been disallowed by Western.

Defendant Western's motion for summary judgment dismissing the second cause of action accordingly is granted.

■ Defendants New York Central and Santa Fe were not parties to the bill of lading issued by Western to the shipper. Plaintiff may assert a claim against these defendants only on the theory that he was the undisclosed principal of Western when the latter accepted the uniform bill of lading issued by New York Central covering the carload shipment. See Chicago, M., St. P. & P. R. Co. v. Acme Freight, 336 U.S. 465, 487 note 27, 69 S.Ct. 692, 703, 93 L. Ed. 817. Under this theory, however, plaintiff is bound by the two-year-and-one-day time limitation contained in the uniform bill of lading and agreed to by Western as its agent. Great Northern Ry. Co. v. O'Connor, 232 U.S. 508, 34 S.Ct. 380, 58 L.Ed. 703. It follows that plaintiff's claim against defendants New York Central and Santa Fe is also barred, and their motion for summary judgment dismissing the second cause of action accordingly is granted.