REGAN, Justice
(dissenting).
I respectfully dissent. No bill of lading issued by the carrier appears in the record. Under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 20, it is provided that the carrier must issue a bill of lading in conformity with the provisions of the act, and as a result thereof, such contracts are uniform throughout the United States. A carrier has no authority to enter into any other contract. Contracts for interstate shipments must be evidenced by a bill of lading, which necessarily implies that such contracts must be in writing. Hence the provisions of such bills of lading cannot be varied by parol testimony.
Where a carrier accepts freight for interstate transportation but issues no' bill of lading to the shipper, the uniform bill of lading prescribed by the Interstate Commerce Commission will be implied as the contract of shipment. Western Maryland Railway Company v. Cross, 96 W. Va. 666, 123 S.E. 572; Standard Combed Thread Co. v. Pennsylvania Railroad Co., 88 N.J.L. 257, 95 A. 1002, L.R.A.1916C, 606; Aman v. Dover & S. R. Co., 179 N.C. 310, 102 S.E. 392; and 13 C.J.S., Carriers, § 123(b), note 58, p. 237.
Therefore, we must read into' the instant case the uniform bill of lading as prescribed by the Interstate Commerce Commission; we then have before us a clean bill of lading with no exceptions noted thereon, which is prima facie proof that the shipment was delivered to the carrier in good condition. At this point of the instant case, the burden of proof shifted and it became encumbent upon the carrier, if it had actually issued a bill of lading with exceptions noted thereon to produce it as a matter of defense.
There is no proof by the carrier either as to the existence of a bill of lading or any exceptions noted thereon. If a bill of lading was issued by the carrier, with exceptions noted thereon, the defendants would certainly have produced their copy to establish this fact.
I am, therefore, of the opinion that plaintiff has made out a prima facie case and has proven that the merchandise was delivered to the initial carrier in good condition and that the shipment arrived at its destination in a damaged condition.