## REIDER v. THOMPSON.
### Civ. A. No. 1634.

United States District Court
E. D. Louisiana, New Orleans Division.
Sept. 15, 1953.

Deutsch, Kerrigan & Stiles, Malcolm Monroe, New Orleans, La., for plaintiff.

Milling, Saal, Saunders, Benson & Woodward, M. Truman Woodward. New Orleans, La., for defendant.

CHRISTENBERRY, Chief Judge.

This action was tried upon the facts, without a jury, and the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

**1.**

Sixteen cases of sheepskins were carried by the Steamship Rio Parana under clean bill of lading from Buenos Aires to New Orleans, where the vessel arrived on July 17, 1944. Upon being discharged from the vessel, the shipment was stored—the cases remaining un-

---

6. 25 C.J.S., Damages, § 74; 5 Dunnell Minnesota Digest, Third Edition, sec. 2561.

opened—on a steel-enclosed wharf, protected from the weather.

**2.**

During and after discharge of the cargo, a survey disclosed no evidence of entry of sea water into the vessel, and no evidence of damage to the consignment of sheepskins.

**3.**

On August 9, 1944, the sheepskins were delivered, on the wharf, by the ocean carrier to defendant. After an inspection of the cases—still unopened— for evidence of damage, defendant issued a clean delivery receipt acknowledging the apparent good order and condition of the goods, which were then loaded by defendant into a rail car.

**4.**

On August 10, 1944, defendant issued its clean bill of lading for carriage of the shipment over its own and specified connecting lines from New Orleans to Boston. The consignment was in external good order and condition when received by defendant at New Orleans.

**5.**

On receipt of the consignment at plaintiff's premises in Boston on August 30 and/or 31, 1944, twelve of the cases were found to be water-stained. The stencil markings were blurred, and the nailheads were rusty. In five of the cases, the water had not penetrated from the outside to the contents which were undamaged, but it had penetrated to the contents of seven of the cases, in which the skins were found to be water-stained, moldy, discolored and rotting. This damage was caused by water from an undisclosed outside source during transit about a week prior to arrival of the goods in Boston.

**6.**

At the time of receipt of the goods, the sound market value in Boston of the sheepskins in the seven damaged cases would have been $5,400. They were damaged to the extent of 27½% of their sound market value, so that their fair market value, in the condition in which they did arrive, was $1,485.

**7.**

On February 12, 1945, counsel for plaintiff filed claim in the amount of $972.91 with the Missouri Pacific Railroad Company, accompanied by a letter under the same date in which it was stated:

"You will understand, of course, that claim is made in the amount stated for the purpose of immediate compromise. Should such compromise not be effected, we reserve the right to claim sound arrived value at some future date."

**Conclusions of Law**

**1.**

■ The statutory liability of a common carrier which receives a shipment in good order and condition and delivers it in damaged condition, is conclusively presumed, in the absence of proof by the carrier that the damage was due to act of God or the public enemy, inherent nature of the goods, or fault of the shipper. Chesapeake & O. Ry. Co. v. A. F. Thompson Mfg. Co., 1926, 270 U.S. 416, 46 S.Ct. 318, 319, 320, 70 L.Ed. 659; Galveston, H. & S. A. Ry. Co. v. Wallace, 1912, 223 U.S. 481, 32 S.Ct. 205, 56 L. Ed. 516.

**2.**

■ When a consignment is received by a common carrier in external good order and condition and delivered by it in damaged condition, with the external covering of the goods so damaged as to account for the damage to the contents, the consignee need not prove the internal good order of the goods at the time of receipt by the carrier, and the presumptive liability of the carrier is established. Reider v. Thompson, 5 Cir., 1952, 197 F.2d 158, 161; Flota Mercante del Estado v. Orient Ins. Co., 5 Cir., 1952, 198 F.2d 740, affirming D.C.E.D. La.1951, 102 F.Supp. 729.

**3.**

■ The applicable measure of damages in this case is the difference be-

tween "the market value of the sheep-skins had they been received in good condition, and their market value in the condition in which they did arrive." Reider v. Thompson, 5 Cir., 1952, 197 F.2d 158, 160.

### 4.

[4,5] A reasonable compliance with the claim requirements of the bill of lading and the Carmack Amendment, 49 U.S.C.A. § 20, is all that is necessary, and a statement as to amount of loss is not required. A claim specifying a lesser sum than the damage actually sustained is no bar to recovery of the correct amount. St. Louis, I. M. & S. R. Co. v. Starbird, Adm'r, 1917, 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917; McRary v. Southern R. Co., 1917, 174 N.C. 563, 94 S.E. 107; Parham v. Chicago, M. & St. P. Ry. Co., 1920, 57 Mont. 492, 189 P. 227; Texas & P. Ry. Co. v. McMillen, Tex.Civ.App., 1916, 183 S.W. 773, 775–776; Pecos & N. T. Ry. Co. v. Holmes, Tex.Civ.App., 1915, 177 S.W. 505. This principle is applicable, *a fortiori*, when the amount of a claim is stated explicitly to be shown only for immediate compromise, with express reservation of the right to base recovery on arrived sound value if the compromise is not effected.

### 5.

Plaintiff is entitled to judgment for damages in the sum of $1,485, with interest at 5 per cent. per annum from judicial demand, and for all costs.