10531

MANNING OIL MILL v. NORTHWESTERN R. R. CO. OF S. C.

(105 S. E. 343.)

CARRIERS—CARRIER'S RIGHT TO NOTICE OF CLAIM FOR DAMAGES HELD NOT
WAIVED.—Railroad did not waive its right to notice of claim for
damages for shipment provided for by bill of lading, where it denied
liability for such damages, and did nothing to mislead the shipper
to its detriment or prejudice.

Before BOWMAN, J., Clarendon, October, 1920.   Affirmed.

Action for damage to intrastate shipments.   From order
of nonsuit, the plaintiff appeals.

*Messrs. DuRant & Elllerbe,* for appellant, cite: *Provisions of bill of lading as to time and place of filing claims
may be waived:* 70 S. C. 22; 98 S. C. 304; 42 S. C. 14; 43
S. C. 26; 84 S. C. 117; 88 S. C. 368; 70 S. C. 76.   *Deviation from the route of shipment agreed upon was evidence
of intention of defendant to waive special stipulations of the
contract of shipment:* 81 S. C. 472.   *Cases involving interstate shipments (108 S. C. 88; 107 S. C. 25) not applicable.*

*Messrs. Purdy & O'Bryan,* for respondent, cite: *Waiver:*
78 S. C. 471; 54 S. C. 603; 54 S. C. 371.   *Provision in bill
of lading requiring notice of claim is reasonable:* 4 S. C.
138; 71 S. C. 506; 101 S. C. 522; 108 S. C. 88; 107 S. C.
25.   *Necessary that there be some act in connection with
claim, or some act caused to be done by claimant, after the
forfeiture, by which it was waived:* 84 S. C. 249; 98 S. C.
300.   *Company may waive form of presentation of claim
by its silence, but not time of filing:* 70 S. C. 16, and cases
cited.

NOTE.—For authorities passing on the question of waiver or extension
of time stipulated in carrier's contract for claim or suit against carrier,
see note in L. R. A. 1916d, 1049

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for recovery of damages for two intrastate shipments of cotton seed and penalty as to each shipment. After issue joined the case came on for trial before Judge Bowman, and a jury. At the close of plaintiff's evidence defendant moved for a nonsuit, on the ground that the bill of lading issued by the plaintiff contained, in substance, that claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery,. or at point of origin, within four months after delivery of property, or, in case of failure to make delivery, then within four months after a reasonable time for .delivery has elapsed, and, unless claims are so made, the carrier shall not be liable, and that the claims had not been filed within the time specified, and that as to the Camden shipment no claim had ever been filed at the point of shipment or the point of origin. Judge Bowman granted the nonsuit, and upon the further ground that there was no evidence of waiver.

The plaintiff appeals, and by two exceptions imputes error.

The first exception complains of error because the provisions could have been waived, and, there being some evidence of waiver, that issue should have been submitted to the jury. The appellant did not make this point before the Judge, but a careful examination of the evidence shows no waiver. The plaintiff put in evidence in chief what he relied on to constitute waiver, and his Honor held that the correspondence did not show waiver, and there was no evidence of waiver. Over six months had elapsed before plaintiff put in its claim. Four months was the time it had to do it in. The defendant denied liability, and did nothing to mislead the plaintiff to its detriment or prejudice, and his

15—S. C. 115

Honor was correct in his holding as to there being no evidence of waiver.  *McKee v. McGhee et al.,* 103 S. E. 508.

The second exception is taken under a misapprehension. It is not what his Honor ruled.  His Honor's order of a nonsuit is granted upon the stipulation of the bill of lading and no evidence of waiver.

All exceptions overruled, and judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.