Missouri Pacific Railroad Company *v.* Reed.

Opinion delivered March 28, 1921.

Carriers—loss of shipment—presentation of claim.—Under a bill of lading providing that, in case of loss or failure to deliver after a reasonable time, the consignee, in order to recover the value of the goods, should file a claim in writing therefor with the carrier within six months thereafter, *held* that the consignee should present his written claim within six months after shipment, and not within six months after definitely ascertaining that it had been made, unless the carrier either concealed the shipment from the consignee or refused to issue a duplicate bill of lading upon request, in which case the six months' period would date from the time the shipment was disclosed to consignee.

Appeal from Crawford Circuit Court; *Jas. Cochran,* Judge; reversed.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellant.

The verdict should have been directed for defendant, on either of two grounds, (1) because the claim was not filed within six months, and (2) because there was no proof that these extracts had ever been delivered to the railway compay for shipment. The following cases settle the question in favor of defendants. 101 Ark. 310; 111 *Id.* 102. There are other errors in the record, but appellants were entitled to a directed verdict.

*J. E. London,* for appellee.

We are protected by the limitation set out in the bill of lading as to he time of filiing the claim. It was not too late. No man can take advantage of his own wrong to the injury of another. Tested by this rule, the appellant is liable. Appellee used due diligence in trying to discover the true facts. The cases cited by appellant have no application here. Immediately the appellee discovered that the goods were lost, he filed his complaint and complied with our statute. This was a question of fact, and the court's instruction submits every question that was material to the jury. Having found for the plaintiff under this instruction, the matter is final. There was legally sufficient evidence to sustain the verdict and it should not be disturbed. 117 Ark. 71; *Ib.* 223; 113 *Id.* 400; 107 *Id.* 158; 92 *Id.* 120, 586. There was no error of law, and the verdict is sustained by a clear preponderance of the testimony. 119 Ark. 518. Where appellant has suppressed evidence, he can not be heard to complain that he did not get the benefit of it. 113 Ark. 82.

Humphreys, J. Appellee brought suit against appellant before a justice of the peace in Crawford County to recover $44.25 on account of the loss or failure to deliver a shipment of flavoring extracts by D. H. Kyle from Atkins, Arkansas, to appellee at Alma, Arkansas, over appellant's railway between said points. A duplicate bill of lading issued by appellant to the consignor,

D. H. Kyle, of date March 1, 1918, describing "one box of drugs," was attached to the itemized account filed before the justice of the peace and made the basis of the suit. The bill of lading provided that, in case of loss or failure to deliver the shipment after a reasonable time for delivery, the consignee, in order to recover the value of the goods, should file a claim in writing therefor with appellant within six months thereafter. Appellant defended upon the grounds, first, that appellee failed to file a written claim for the value of the goods within the time provided in the bill of lading; second, that the goods described in the bill of lading were of different kind and character from those specified in the account filed with the magistrate.

The record reflected that appellee was the general manager for the Red Ball Chemical Company, and D. H. Kyle one of his agents; that he had shipped the extracts to D. H. Kyle with the understanding that he might return them in case he did not sell them and receive a credit on his account; that he requested his salesman, Kyle, to pay for the extracts, and was informed that he had returned them; that the shipment did not reach him, whereupon he wrote his salesman time and again for a bill of lading or a duplicate bill of lading so that he might trace the shipment; that his salesman replied that he did not have the original bill of lading and could get no duplicate; that he instituted suit at Atkins against his salesman for the value of the extracts; that, when he went to Atkins to attend the trial, Kyle insisted that he had shipped the extracts to him; they then called on the agent and obtained the duplicate bill of lading made the basis of the suit; that, after obtaining it, he dismissed the suit against Kyle, and, upon his return to Alma in January, 1919, presented a claim for the value of the extracts to appellants; that he had no personal knowledge as to whether the box of drugs described in the bill of lading contained the extracts itemized in the account filed in the magistrate's court.

At the conclusion of the evidence, appellant requested the court to direct a verdict in its favor, which the court refused to do, and, over the objection of appellant, submitted the cause to the jury upon the theory that appellee had six months, under the terms of the bill of lading, after definitely ascertaining that the shipment had been made, to present his claim for the loss of the goods or for failure to deliver same. The court's interpretation of the contract, as reflected by the instructions given to the jury, was incorrect. In the light of the record, it was appellee's duty to have presented his written claim for the value of the goods within six months after the shipment was made. The original bill of lading was issued and delivered to the consignor, D. H. Kyle, who was the agent and salesman for appellee. No duty rested upon appellant to furnish appellee with a duplicate bill of lading unless appellee had requested or demanded that they do so. Counsel for appellee contend that the record reflects that such request or demand was made, and that the agent of appellants refused to furnish a duplicate bill of lading in order to conceal the loss of the extracts *en route.* We find nothing in the record to support such contention. On the contrary, the evidence reflects that, when appellee called upon the agent at Atkins, in company with D. H. Kyle, the agent produced the bill of lading showing that "one box of drugs" had been shipped on March 1, 1918, and furnished a duplicate of such bill of lading to Kyle, who turned it over to appellee. Of course, if appellant, through its agent, had concealed the shipment from appellee or had refused to issue appellee a duplicate bill of lading upon request, the six months' period within which appellee might present a claim, under the terms of the bill of lading, would necessarily date from the time the shipment was disclosed to the consignee. As stated above, the facts do not show or warrant an inference that appellant denied or concealed the shipment; hence the court erred in refusing to direct a verdict upon the record for appellant.

For the error indicated, the judgment is reversed and the cause dismissed.