WILLIAM ST. SING AND MACON ST. SING, FOR THEIR NEXT FRIEND, WILLIAM ST. SING, v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 26 April, 1922.)

**Carriers of Goods — Express Companies — Commerce — Federal Law — Written Notice—Damages—Condition Precedent.**

Upon the express receipt of an interstate shipment of goods by the carrier was a stipulation requiring, among other things, that in order to make the carrier liable for the loss of the shipment, a claim must be made and presented in writing to the originating or delivering carrier within four months after the delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, etc.: *Held,* the Federal statute and the authorita-

tive Federal decisions thereon afford the exclusive rule of the carrier's liability in such cases, and thereunder the filing of the written claim within the stated time is upheld as a reasonable stipulation requiring a compliance with its terms as a condition precedent to a recovery.

Appeal by plaintiff from *Daniels, J.,* at September Term, 1921, of Durham.

Civil action, tried on appeal from the justice's court.

The action is to recover damages for the value of a package, to wit, a bicycle motor attachment, bought in St. Louis, Mo., and shipped with defendant to plaintiffs at Durham, N. C., under a uniform express receipt and contract of carriage, and which was never delivered to plaintiffs, the consignees. At the close of the plaintiff's evidence, on motion, there was judgment of nonsuit and plaintiff excepted and appealed.

*J. W. Barbee for plaintiff.*
*W. B. Guthrie for defendant.*

Hoke, J. There were facts in evidence tending to show that in February, 1920, William St. Sing, the father, ordered for his minor son and coplaintiff, Macon St. Sing, from H. R. Geer, St. Louis, Mo., a bicycle motor attachment, sending the price, $40, per postoffice order; that about the time the article should have been received (seven or eight days) plaintiff made inquiry for the package at the express office in Durham, and being informed that no such package was in hand, plaintiff commenced a correspondence with the vendor at St. Louis, and also took it up with the postoffice department, thinking the package might have been sent by parcel post, and finally, in September, 1920, plaintiff procured from Geer & Company the express receipt showing same had been shipped with defendant as common carrier, under a uniform express receipt, containing, among others, the following stipulation:

"7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

That as soon as plaintiff obtained receipt, it was exhibited to express agents who informed plaintiff it would be necessary in order to file an intelligent statement of his claim, that he should have the invoice. This

was procured in about three or four weeks longer, and both left with the company's agents at Durham. The package was never received by plaintiffs, or either of them, and no formal or written claim for the loss was ever made or filed with the company or its agents other than leaving with them the express receipt and invoice, as stated, and which was in October, 1920.

There was further evidence permitting the inference that the shipment had in the usual course been sent to Richmond and disposed of, as for unclaimed goods, and could not now be recovered. The letter of defendant asserting nonliability on the contract of carriage being as follows:

DURHAM, N. C., 11 February, 1921.

Mr. Macon St. Sing,
1016 Holloway Street,
Durham, N. C.

DEAR SIR:—Referring to your claim of $40, account of nondelivery of one motor.

The motor, which the claim agent located in the no-mark bureau at Richmond, Va., had been disposed of before we requested it forwarded to this office, and it cannot be recovered.

In view of the fact that the claim was not presented until 18 October, 1920, while shipment was made 24 February, 1920, the claim agent instructs that your claim be declined under article 7 of the uniform express receipt. Therefore, I am returning to you all papers submitted with your claim and closing my file. It is to be regretted that you did not make claim within the fourth months and one week time limit.

Yours very truly,
(Signed)    C. T. BRANSON, Agent.

Upon these facts, chiefly relevant, we must approve the ruling by which the judgment of nonsuit has been entered. This being an interstate shipment, the Federal statutes applicable and the authoritative decisions thereon, afford the exclusive rule of liability in these cases, and by them it is clearly recognized that a rule requiring that the party aggrieved by breach of contract of carriage, and as condition precedent to recovery, shall file with the company a written claim of his damages within four months from the time of delivery or in case of loss within four months after a reasonable time for delivery has elapsed, is reasonable and valid. *Texas & Pacific Railway v. Leatherwood*, 250 U. S., 478; *Georgia, etc., Railway v. Blish Milling Company*, 241 U. S., 190; *Taft v. R. R.*, 174 N. C., 211; *Phillips v. R. R.*, 172 N. C., 86; 38, part 1, U. S. Statutes at Large, ch. 176, pp. 1196-1197, and also in U. S. Compiled Statutes, 1918, sec. 8604 a; the same being set out in *Mann v. Transportation Co.*, 176 N. C., 104-105.

From the facts in evidence it very clearly appears that no written statement has ever been filed with the company or its agents for this claim, and nothing that could in any way be considered as a filing, until more than six months had elapsed from the time of shipment and from the time when the same should have been delivered at Durham, the point of destination, and by the express terms of the contract of carriage entered into between the parties, the plaintiff's right of action is barred.

True, the Federal statute above referred to contains the provision: "That if the loss or damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice or claim nor filing claim shall be required as a condition precedent to recovery," but there is no allegation or suggestion that the injury here complained of comes within the purport or meaning of the proviso, but the claim is for absolute loss of goods in breach of the contract of carriage, and disposed of in the usual way after the time for filing the claim had elapsed, and presents a typical instance, calling for application of the contract stipulation protecting a company from liability.

It may be well to note also that there is no claim or suggestion that defendant company has realized any substantial value on sale of goods, or that it is liable for the proceeds on the equitable principle of *indebitatus assumpsit,* a question not now presented or determined, but the action, as stated, is brought for damages suffered by breach of defendant's contract of carriage and against which defendant is protected by plaintiff's failure to file their claim within the time stipulated.

There is no error, and the judgment of nonsuit is
Affirmed.