## 10974

### FREEMAN v. A. C. L. R. CO. *ET AL.*

#### (118 S. E. 69)

CARRIERS—NO RECOVERY FOR DAMAGES IN CASE OF FAILURE TO FILE CLAIM WITHIN TIME REQUIRED IN BILL OF LADING.—Where a bill of lading required claim for loss ,or damage to be filed at the origin or at the destination within six months after a reasonable time for delivery had elapsed, or the carrier would not be liable, no recovery can be had for loss of goods in shipment, where the claim was not filed within six months.

Before MEMMINGER, J., Hampton, February, 1922. Reversed.

Action by M. E. Freeman against Atlantic Coast Line Railroad Co. From judgment for plaintiff the defendant appeals.

*Mr. J. W. Manuel,* for appellant, cites: *Stipulation in bill of lading as to time for filing claim is valid and binding:* 241 U. S. 190; 243 U. S. 592; 244 U. S. 332; 250 U. S. 478; 250 U. S. 465; 108 S. C. 88; 96 S. E. 221; 115 S. C. 224.

*Mr. S. G. Varn,* for respondent.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case on appeal shows:

"Action is brought in Magistrate's Court to recover the value of 13 gallons spirits of turpentine, alleged to have leaked from barrels shipped by plaintiff, at Cummings, S. C. to Consolidated Naval Stores Company, Savannah, Ga., July 2, 1920, and punitive damages for willful handling.

"The answer is a general denial, and failure to file claim in writing within six months from date of delivery of shipment. Bill of lading stipulates that claims for loss or damage shall be filed in writing at origin or destination within

six months after a reasonable time for delivery shall have elapsed, or carriers shall not be liable; bill being straight form, which recites that shipment is made subject to the conditions, whether printed or written, therein contained, and which are agreed to by the shipper. Delivery was made on July 13, 1920, without exception. No claim, nor notice of claim, was filed until January 28, 1921. Magistrate instructed jury that punitive damages could not be allowed, under the proof, but he declined to direct a verdict for defendants upon motion, made on ground that no claim has been filed as required under terms of bill of lading. Verdict was for actual damages, and upon appeal the presiding Judge signed an order dismissing the exceptions and sustaining the magistrate, February term, 1922. From the judgment entered upon said order, this appeal is taken."

The case shows that the claim was not filed within six months, and *Manning Oil Mill v. N. W. R. R. Co.,* 115 S. C. 224, 105 S. E. 343, shows that there can be no recovery.

The judgment is reversed.