# Richmond.

JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS
AND AGENT, UNDER SECTION 206 OF THE TRANS-
PORTATION ACT OF 1920 (NORFOLK SOUTHERN
RAILROAD DIVISION), v. JOHN L. ROPER
LUMBER COMPANY, A CORPORATION.

March 20, 1924.

Absent, Burks, J., and Kelly, P.

1. CARRIERS OF GOODS—*Connecting Carriers—Interstate Commerce—Loss
Due to Carrier's Negligence—Notice of Claim of Loss—Case at Bar.*—
In an action to recover the liability imposed upon a common carrier
by section 20 of the interstate commerce act as amended by the
Carmack and the first and second Cummins amendments (U. S.
Comp. St. sec. 8604a) for loss or damage occasioned the plaintiff by
the negligence of the carrier, which negligence consisted of the negli-
gent misdelivery by the terminal carrier, which occurred at the place
of destination and before the contract of carriage was completed,
to a third person not entitled to receive it, of property of the plaintiff
received by the carrier for transportation, a contract requirement
of notice of claim, or filing of claim for such loss or damage, as a
condition precedent to recovery, is an invalid requirement.

2. CARRIERS OF GOODS—*Connecting Carriers—Interstate Commerce Act—
Liability of Initial Carrier—Loss or Damage to the Shipper or Loss or
Damage to Property Only.*—Section 20 of the interstate commerce act
as amended by the Carmack and the first and second Cummins
amendments (U. S. Comp. St. sec. 8604a) provides as follows: "Any
common carrier * * * receiving property for transportation
from a point in one State *. * * to a point in another State
* * * shall issue a receipt or bill of lading therefor, and shall be
liable to the lawful holder thereof for any loss, damage, or injury
to such property, * * and * * shall be liable to the lawful
holder of said receipt or bill of lading · * * for the full actual loss,
damage, or injury to such property caused by it or by any * *
common carrier * * to which such property may be delivered or
over whose line or lines such property may pass." If the literal
meaning of the words is to be taken, the classification by the statute

of the liability imposed is not of loss or damage to the shipper, but of loss or damage to the property only. But it is settled that such literal construction is not the true construction of the statute, and the statute applies to injury to the shipper by negligent delivery as well as to injury or damage to the property.

3. CARRIERS OF GOODS—*Connecting Carriers—Interstate Commerce Act as Amended by the Carmack and Cummins Amendments—Notice of Claim of Loss.*—The proviso as to the claims for loss in section 20 of the interstate commerce act as amended by the Carmack and the first and second Cummins amendments (U. S. Comp. St. sec. 8604a), when read along with the residue of the statute, forbids any common carrier, by contract provision in the bill of lading or otherwise, to require any notice of claim or filing of claim as a condition precedent to recovery upon any liability imposed by the statute, where the personal loss, damage, or injury complained of is due to the negligence in the performance of the contract of carriage—leaving the carrier free to require, by contract provision in the bill of lading, notice of claim within not less than ninety days and filing of claim within not less than four months, and for the institution of suits within two years, from the time the cause of action may have arisen, as a condition precedent to recovery, upon any liability arising from the carrier's obligation as an insurer.

4. STATUTES—*Construction—Intelligibility.*—A construction of a statute which makes its meaning intelligible and plain is to be adopted where, when any other meaning is attempted to be given to the statute, the statute becomes inconsistent, confused, and unintelligible.

5. CARRIERS OF GOODS—*Interstate Commerce Act—Loss Occurring "In Transit"—Misdelivery at Destination.*—In the instant case, an action to recover the liability imposed on a common carrier by section 20 of the interstate commerce act as amended by the Carmack and the first and second Cummins amendments (sec. 8604a of U. S. Comp. St.) the injury complained of occurred through the misdelivery by the terminal carrier of the goods in question, before the contract of carriage was completed, to a third person.

*Held:* That the loss or damage complained of occurred while the property was "in transit;" that the property was "in transit" after it reached the point of destination where the contract of carriage had not been completely performed by delivery according to the contract, or by the expiration of the free time for delivery.

6. CARRIERS OF GOODS—*Interstate Commerce—"In Transit"—Delivery.*—"In transit," as used in the proviso of section 20 of the interstate commerce act as amended by the Carmack and the first and second Cummins amendment (U. S. Comp. St. sec. 8604a), means at any time after the property has been received by the initial carrier for interstate transportation and before the contract of carriage for the

entire transportation is completely performed, and the entire trans-
portation includes delivery in accordance with the contract, which
contract, of course, is assumed to be one which is valid under the
Federal statute.

Error to a judgment of the Law and Chancery Court
of the city of Norfolk, in a proceeding by motion for a
judgment for damages. Judgment for plaintiff. De-
fendant assigns error.

*Affirmed.*

This is an action instituted by notice of motion by
the defendant in error, John L. Roper Lumber Com-
pany (hereinafter called plaintiff), against the plaintiff
in error (hereinafter called the defendant), in which the
plaintiff, the lawful holder of an order notify bill of lad-
ing covering an interstate shipment of property, seeks
to recover the value of the property as a liability im-
posed upon the defendant by the Federal statute, sec-
tion 20 of the interstate commerce act, as amended by
the Carmack and the first and second Cummins amend-
ments(U. S. Comp. St. sec. 8604a), being the loss or dam-
age occasioned the plaintiff by the negligence of the de-
fendant while the property was in transit, consisting of
the wrongful conversion of the property by the negli-
gent delivery of it by the defendant to a third person,
without requiring the surrender of the bill of lading.

No jury being demanded, the court below heard the
evidence, and tried and decided the case without a jury.
The decision and judgment of the court was for the
plaintiff for the sum of $1,046.88, the value of the prop-
erty. It is that judgment which is under review.

The case was heard and decided, as aforesaid, upon
the following agreed statement of facts:

## "*Agreed Statement of Facts.*"

"For the purpose of this action it is agreed that the following facts shall be found by the court and that judgment shall be rendered thereon as the court may determine the law therefrom.

"In accordance with the acts of Congress and proclamations of the President of the United States, the President of the United States of America took possession of the line of railroad of Norfolk-Southern Railroad Company on January 1, 1918, and said line of railroad, in accordance with said acts of Congress and proclamations of the President of the United States, was operated by the United States Railroad Administration, and Director General of Railroads, so appointed by the President of the United States, from the 1st day of January, 1918, to and including the 29th day of February, 1920.

"That James C. Davis has been appointed Director General of Railroads, and as agent provided for in section 206 of the transportation act of 1920 (U. S. Comp. St. Ann. Supp. 1923, sec. 10071¼cc).

"That on the 24th day of June, 1918, John L. Roper Lumber Company delivered to the agent of Director General of Railroads, United States Railroad Administration, Norfolk-Southern Railroad, at New Bern, North Carolina, one carload of scrap iron for transportation from New Bern, North Carolina to Clarksburg, West Virginia, and requested that an order notify bill of lading be issued thereof. Accordingly, the duly authorized agent of United States Railroad Administration, Director General of Railroads, Norfolk-Southern Railroad at New Bern, North Carolina, on the 24th day of June, 1918, issued to John L. Roper Company a bill of lading for said carload of scrap iron, consigning the same to John L. Roper Lumber Company, Clarksburg,.

West Virginia, notify George Yampolsky, Clarksburg,.
West Virginia.

"That said Director General of Railroads caused the·
said carload of scrap iron to be transported from New
Bern, North Carolina, to Clarksburg, West Virginia, the
agent of the said Director General of Railroads, at
Clarksburg, West Virginia, delivered said shipment to·
George Yampolsky without surrender of the original
order notify bill of lading.

"That the said shipment was delivered to the said
George Yampolsky without the knowledge or consent
of John L. Roper Lumber Company, and the person to
whom the shipment was delivered was not the lawful
holder of the said original order notify bill of lading.
John L. Roper Lumber Company has never delivered
the bill of lading to any other person and has never en-
dorsed the same, and John L. Roper Lumber Company
is now the lawful holder of said bill of lading.

"The shipment arrived at Clarksburg, West Virginia,.
on or about the 15th day of July, 1918, and was de-·
livered to George Yampolsky by the Director General
of Railroads on or about the 15th day of July, 1918.

"No claim in writing to the carrier at point of de-·
livery or at point of origin was filed by John L. Roper
Lumber Company until March 5, 1920.  A copy of the·
bill of lading issued by Director General of Railroads to·
John L. Roper Lumber Company, June 24, 1918, is
hereto attached as exhibit "A."  The value of said ship-
ment is said to be $1,046.88."

The bill of lading referred to in this statement was in.
evidence and contained the following provision:

"Claims for loss, damage or delay must be made in
writing to the carrier at the point of delivery or at the·
point of origin within six months after delivery of the
property, or in case of failure to make delivery of the·

property, then six months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

The aforesaid Federal statute (8 U. S. Comp. Stat. p. 9291, sec. 8604a) is, so far as material, as follows:

"Any common carrier   *   *   *   receiving property for transportation from a point in one State   *   *   * to a point in another State   *   *   *   shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property   *   *   *   and   *   *   *   shall be liable to the lawful holder of said receipt or bill of lading *   *   *   ·for the full actual loss, damage, or injury to such property caused by it or by any   *   *   *   common carrier   *   *   *   to which such property may be delivered or over whose line or lines such property may pass   *   *   *.   Provided   *   *   *, that it shall be unlawful for any   *   *   *   common carrier to provide by   *   *   *   contract   *   *   *   or otherwise a shorter period for giving notice of claims than ninety days and for filing of claims for a shorter period than four months, and for the institution of suits than two years:   Provided, however, That if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim or filing of claim shall be required as a condition precedent to recovery."

*Hughes, Little & Seawell*, for the plaintiff in error.

*C. M. Bain*, for the defendant in error.

Sims, P., after making the foregoing statement, delivered the following opinion of the court:

There is but a single question involved in the decision of this case and that is as follows:

[1] 1. In an action to recover the liability imposed upon a common carrier by the Federal statute (section 20 of the interstate commerce act as amended by the Carmack and the first and second Cummins' amendments), for loss or damage occasioned the plaintiff by the negligence of the carrier, which negligence consists of the negligent misdelivery by the terminal carrier, which occurs at the place of destination and before the contract of carriage is completed, to a third person not entitled to receive it, of property of the plaintiff received by the carrier for interstate transportation, is any contract requirement of notice of claim, or filing of claim for such loss or damage, as a condition precedent to recovery, a valid requirement?

The question must be answered in the negative.

The decision of the question just stated is not free from difficulty. Its final decision will depend, of course, on the ruling of the Supreme Court upon it, but, as yet, there has been no decision of that high tribunal upon the precise question. There have been few decisions of courts of lesser jurisdiction upon the question, which, however, are not in harmony; and the ascertainment of the proper construction of the statute, upon the meaning of which the decision depends, is more than ordinarily difficult because of the phraseology and punctuation of the statute.

Indeed, in the petition of the defendant for the writ of error in the instant case, this is said: "At best, the language of this act is incoherent and almost unintelligible. The English of the sentence," (the proviso presently to be particularly mentioned), "defies analysis." And in several of the decisions the same is said in substance. It is manifest, therefore, that no de-

pendable construction of the statute can be derived from the method of giving to its words merely their literal meaning.

[2] For example, the words of that portion of the statute which imposes the liability are that the carrier shall be liable "for any loss, damage, or injury to such property," and, what is the same thing, as stated in another part of the statute, "for the full actual loss, damage or injury to such property"—the literal meaning of which is that the only liability imposed by the statute is for loss of, or damage to, or injury to, the whole or some portion of the property itself—that the liability is so classified that the property itself must be thus affected in order that the liability may exist—that no liability is imposed for any personal loss or damage suffered by the plaintiff, such as loss of a sale of the property, expense incurred, or other incidental personal loss or damage not of or to the property itself, although due to the failure of the carrier to perform the contract of carriage in some particular, such as unreasonable delay in the transportation of the property. That is to say, if the literal meaning of the words is to be taken, the classification by the statute of the liability imposed is not of loss or damage to the shipper, but of loss or damage to the property only. But it is settled that such literal construction is not the true construction of the statute. In *Norfolk Trucker's Exch.* v. *Norfolk Co.*, 116 Va. 466, at p. 469, 82 S. E. 92, 93, this is said: "We are of opinion that the amendment" (the Carmack amendment, which contains the language of the statute above quoted, "for any loss, damage, or injury to such property") "is broad enough to cover a case of damage to the shipper by reason of delay." To the same effect see *N. Y., P. & N. R. Co.* v. *Chandler*, 129 Va. 695, 106 S. E. 684.

Similarly, when we come to construe the language of the proviso of the statute as to non-requirement of any notice of claim or filing of claim in certain cases—which is relied on as decisive of the instant case by both the plaintiff and defendant—we find that we cannot give to certain of its words the literal meaning which they may seem to import.

The proviso of the statute in question is as follows:

"Provided, however, that if the loss, damage, or injury, complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The clause in the bill of lading which the court below held, in effect, as forbidden by, and hence invalid under said proviso, in so far as it would otherwise have been applicable to the instant case, is as follows:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within six months after delivery of the property, or in case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

It will be observed that the period, in which such clause requires the making of claim, is longer than the period within which the statute permits notice or filing of claim to be required as a condition precedent to the right of recovery in any case of liability under the statute, in which the statute permits any such requirement at all. Therefore, the bill of lading is not in conflict with the statute so far as the length of the period mentioned is concerned.

This is a case of failure to make delivery, in accord-

ance with the contract of carriage, of the property received by the carrier for interstate transportation, because of the negligent misdelivery of such property by the terminal carrier, which occurred at the place of destination, but before the contract of carriage was completed; and no claim was made in writing to the carrier at the point of delivery or at the point of origin within six months after a reasonable time for delivery had elapsed, as undertaken to be required by the aforesaid clause in the bill of lading.

One of the positions taken in argument for the defendant is that this is a case of total loss of the property; that it cannot be contended that it falls within any of the provisions of the aforesaid proviso of the statute other than "damaged in transit by carelessness or negligence;" and that the word "damaged" as there used has reference solely to "loss   *   *   *   complained of   *   *   *   due to   *   *   *" (damage or injury to the property while the property is) "in transit, by carelessness or negligence;" and does not embrace "loss *   *   *   complained of   *   *   *   due to   *   *   *" (damage or injury *to the shipper* while the property is) "in transit, by carelessness or negligence;" and the following decisions of State courts, cited and relied on for the defendant, do hold that cases of total loss of the property are not embraced in the said proviso. *Henningsen Produce Co.* v. *American Ry. Express Co.*, 152 Minn. 209, 188 N. W. 272; *Conover* v. *Railway*, 212 Ill. App. 29; and *St. Sing, et al* v. *American Express Co.*, 183 N. C. 405, 111 S. E. 710. But these cases rest wholly upon the position that the literal meaning of the words of the proviso must be given to them. As we have seen, such a rule of interpretation cannot be relied on in the interpretation of this statute.

In *Henningsen Produce Co.* v. *American Ry. Express*

*Co.*, the aforesaid holding was indeed *obiter*, as there was no finding of negligence on the part of the carrier in that case.   The opinion of the court in that case says this: "* * * Its (the plaintiff's) argument is that the merchandise was lost in transit, and by negligence, and therefore the limitation" (the requirement in the bill of lading of claim to be made within four months after a reasonable time for delivery), "does not apply. We are unable to take this view. *The language of the statute is plain.* It was found by the court that the butter 'was lost in transit and was not and has never been delivered.' *There was no finding on negligence.* Even where merchandise is lost in transit by negligence *the language of the Cummins amendment* does not dispense with the making of a claim. *We are not* cited a case entirely controlling upon this point. *E. B. Conover & Co.* v. *Railroad*, 212 Ill. App. 29, bears upon it."   (Italics supplied.)

In the *Conover Case*, referred to in the opinion just mentioned and also *supra* (212 Ill. App. 29), the court cites no authority and rests its holding solely on the words of the proviso, without stating any reasons therefor.   All that the court says in its holding on the subject in the *Conover Case* is this: "Loss of grain from a car cannot reasonably be included in the exemption of loss, damage or injury   * * *   due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence."

In *St. Sing, et al* v. *American Express Co.*, *supra* (183 N. C. 405, 111 S. E. 710), the property was never delivered to the consignee at destination because, in the usual course taken with non-delivered parcels, it was sent to another point and there sold by the terminal carrier as unclaimed goods.   The court in its opinion said this: "This being an interstate shipment, the *Federal statutes* applicable and the authoritative decisions

thereon afford the exclusive rule of liability on these cases, and by them it is clearly recognized that a rule requiring that the party aggrieved by breach of contract of carriage and as condition precedent to recovery, shall file with the company a written claim of his damages within four months   *   *   *   after a reasonable time for delivery has elapsed, is reasonable and valid." Citing *Texas, etc., R. Co.* v. *Leatherwood,* 250 U. S. 478, 39 Sup. Ct. 517, 63 L. Ed. 1096; *Georgia, etc., Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; *Taft* v. *Railroad,* 174 N. C. 211, 93 S. E. 752; *Phillips* v. *Railroad,* 172 N. C. 86, 89 S. E. 1057; and *Mann* v. *Transportation Co.,* 176 N. C. 104, 105, 96 S. E. 731.

An examination of the last mentioned decisions discloses that they all involve cases which arose prior to the first Cummins amendment, when the statute in question contained only the Carmack amendment— when it did not contain the aforesaid proviso—with the single exception of the case of *Mann* v. *Transportation Co.;* and the holding of the latter case seems to be directly contrary to the aforesaid holding in the *St. Sing Case* for which it is cited.

In *Mann* v. *Transportation Co.,* the case arose under and was controlled by the first Cummins amendment, which contained the aforesaid proviso. It involved an interstate shipment of hogs. The shipment was received at destination "one of the hogs missing, and four died and the others in a greatly damaged condition. This incident to the wrongful delay and negligence of the transportation." There was in the bill of lading precisely the same clause with respect to requiring claim to be made in writing within four months of delivery of the property, or, in case of failure to make delivery, within four months after a reasonable time for delivery

had elapsed, and providing that unless the claims were so made the carrier should not be liable.   The plaintiff shipper made no claim in writing within the four months after the delivery of the property which was delivered or within four months after a reasonable time for delivery of the property which was not delivered, had elapsed.   There was a special verdict finding that the "*plaintiff*" was injured *by damage* done to his hogs by the negligence of the defendant's connecting carriers." (Italics supplied.)   Because of such failure of the plaintiff to make such claims within such time, as required by the bill of lading, the trial court entered judgment for the defendant, the transportation company.   The appellate court reversed the .case and in the opinion of the court (176 N. C. at p. 107, 96 S. E. 732) this is said:   "* * * the last clause of this amendatory act" (referring to the aforesaid proviso) "provides that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice nor filing of claim shall be required as a condition precedent to recovery.

"The verdict having established that the loss and damage complained of in the present instance was caused by the negligence of the connecting carrier, the plaintiff's claim comes clearly within the express terms of the statute, and defendant is thereby deprived of any defense which might arise from failure of plaintiff to give the notice."

[3] It will be observed that the North Carolina court, in the case just mentioned, did not take the view that the aforesaid proviso is confined in its application to cases of loss, damage or injury due to damage or injury to the property itself, which is the construction contended for in argument for the defendant in the instant

case; but construed the proviso as embracing injury to the plaintiff shipper, consisting of loss, as well as damage, suffered by him personally, when caused by the negligence of the carrier in the performance of the contract of carriage. That is to say, the holding, in effect, is that the aforesaid proviso embraces all cases of liability for personal loss occasioned the plaintiff-shipper, by non-delivery due to negligence in the performance of the contract of carriage, as well as cases of liability for personal loss or damage to the plaintiff shipper due to damage to the property itself while in transit, and that the application of the proviso is not confined to cases of damage to the property itself while in transit. In other words, the holding of the decision under consideration is, in effect, that the proviso when read along with the residue of the statute, forbids any common carrier, by contract provision in the bill of lading or otherwise, to require any notice of claim or filing of claim as a condition precedent to recovery upon any liability imposed by the aforesaid Federal statute where the personal loss, damage or injury complained of is due to negligence in the performance of the contract of carriage—leaving the carrier free to require, by contract provision in the bill of lading, notice of claim within not less than ninety days and filing of claim within not less than four months, and for the institution of suits within two years, from the time the cause of action may have arisen, as a condition precedent to recovery, upon any liability imposed by the statute in all cases where the personal loss, damage or injury complained of is not due to negligence in the performance of the contract of carriage, but is of the character of liability imposed by the statute which rests upon the obligation of the carrier as an insurer.

If such is the correct construction of the proviso—

and we think that it is—the statute as a whole classifies claims thereunder, of which notice of or filing can, or cannot, be required as a condition precedent to recovery, into two kinds and only two, which together embrace all claims for which liability is imposed by the statute, namely, (1) those for which the liability does not arise from negligence in performance of the contract of carriage, but from the obligation of the carrier as an insurer, in which cases notice of or filing of the claims can be required; and (2) those for which the liability arises from such negligence, in which cases notice of a filing of the claims cannot be required, as a condition precedent to recovery.

And to us this seems to be a reasonable classification, since it dispenses with the requirement of any notice of claim to the carrier within the periods mentioned after the cause of action arose only in cases in which the carrier is liable because of its own or its connecting carrier's negligent conduct; which is a matter of fact peculiarly within the knowledge of the defendant carrier, or within its power to obtain and preserve evidence of, by merely keeping, or having kept, for the period within which suit may be brought, the record of the condition of the property, the occurrences affecting it and what disposition is made of it, in all the several stages of its transit, from its receipt by the initial carrier until the contract of carriage terminates; and allow the notice to the carrier to be required, within certain periods as specified in the statute (the length of which being dependent upon the character of the notice, being by notice of claim or by filing of claims), as a condition precedent to recovery in all cases in which the carrier is liable as an insurer, for loss, damage or injury due to some obscure and unknown cause, not within the knowledge of the defendant carrier or within its power

to obtain and preserve evidence of, by keeping or having kept such a record as aforesaid—in which character of cases it is but just that the carrier should have notice of claim within a reasonable time after the alleged cause of action arose, so that it may make special inquiry touching the facts which its records and the records of the connecting carrier could not be reasonably expected to show, before the evidence thereof has become lost.

[4] Moreover, such construction of the statute makes its meaning intelligible and plain; whereas when any other meaning is attempted to be given to it, the statute becomes inconsistent, confused and unintelligible.

Further: There are a number of decisions which hold that such is the true construction of the statute in question—some of them by Federal courts, others by State courts, all involving the construction of the statute, and some of them involving substantially the same material facts that are involved in the instant case. See *Morrell* v. *Northern Pac. Ry.*, 46 N. D. 535, 179 N. W. 922; *Bell* v. *N. Y. Central R. Co.*, 187 App. Div. 564, 175 N. Y. Supp. 712; *Hailey* v. *Oregon, etc., R. Co.* (District court, D. Idaho S. D.), 253 Fed. 569; *Gillette, etc., Co.* v. *Davis,* (Director General), (Circuit Ct. of Appeals 1st Dist)., 278 Fed. 864; and *Winstead* v. *East, etc., Ry.*, 186 N. C. 58, 118 S. E. 887.

In *Morrell* v. *Northern Pacific Ry.*, *supra*, the cause of action arose under the aforesaid Federal statute after the enactment of the second Cummins amendment. There was a shipment of certain cattle which were never delivered. Different cattle from those shipped were delivered to the consignee at destination—the exchange of cattle having occurred while the cattle were in transit, before they reached the destination, and being due to the negligence of the carrier. There was a clause in the bill of lading requiring notice of claim within ninety

days from the time the cause of action arose as a condition precedent to recovery.  The court held that under the aforesaid proviso the clause in the bill of lading did not apply to the case, although it was one of total loss of the property shipped, and not one of damage to the property, it being a case of non-delivery due to negligence of the carrier, which was embraced within the provisions of said proviso.

In the course of the opinion, in the case just cited, the court said this:  "* * *  From the facts established beyond dispute it appears that the stock covered by the contract was never delivered at destination and that the recovery is based on its non-delivery.  The purpose of such a provision" (the clause in the bill of lading) "is doubtless to enable the carrier to investigate claims while the evidence is fresh, and thus affords a means of protection against fraudulent and exaggerated claims. That it was not intended to shield carriers from liability occasioned by their negligence may well be inferred from the provisions of section 8604a, Comp. Stat. U. S. 1918, * * *" (quoting the aforesaid proviso).  "In the instant case it appears  * * *  that the loss of the cattle was due to negligence, and it would therefore seem to be a case controlled by the proviso above quoted, wherein the carrier is prohibited from requiring notice as a condition precedent to recovery."

In *Bell* v. *N. Y. Central R. Co.*, *supra* (187 App. Div. 564, 175 N. Y. Supp. 712), there was a shipment of pears.  "The pears were unreasonably delayed in transit, the car was not properly placed for delivery, and several of the barrels and baskets containing the pears were broken open and the contents crushed and bruised."  There was a clause in the bill of lading requiring making of claim substantially the same as in the

bill of lading in the case in judgment.  The cause of action arose under the aforesaid Federal statute after the adoption of the second Cummins amendment.  In the opinion of the court, after noting the aforesaid proviso, this is said:  "It will be noted that both the Cummins amendment and the bill of lading provision make a double classification of claims, to-wit: (1) Those for loss due to delay, or damage while being loaded or unloaded, or damaged in transit, which we will call transit claims; and (2) those for loss otherwise sustained, which we will call non-transit claims.  The Cummins amendment permitted the carrier to require as a condition precedent to recovery the filing of a non-transit claim within four months    *    *    *.  In the case of transit claims it forbade the carrier to require the filing of claim as a condition precedent to recovery    *    *    *."

We cannot approve of the classification adopted by the court in the case just mentioned, which divides all cases of liability under the aforesaid Federal statute into two classes, transit and non-transit cases, for the reason that, as aforesaid, we think that all cases of liability under such statute are transit cases—there being no liability under the statute before the contract of carriage is entered into or after it is completely performed, as the statute imposes liability only for the breach of the contract of carriage.  The case, however, is in point in the holding that the aforesaid proviso forbids any notice or filing of claim being required as a precedent to recovery in any "transit case," as classified in the opinion, which classification covers such a case as the instant case, namely when there is a total loss of the property in transit.

In *Hailey* v. *Oregon, etc., R. Co., supra* (D. C.), 253 Fed. 569, the case arose under the Federal statute aforesaid and the action was instituted to recover damages

occasioned the plaintiff by the non-delivery at destination of one of the horses shipped, by the death of two of the horses, for expenses of feed *en route* and for expenses of caring for and feeding of the remaining horses at destination in bringing them up to a fair condition for market, all caused by the negligence of the carrier while the shipment was in transit, but not while actually moving. There was a provision in the bill of lading as to making of claim substantially in the language of the aforesaid statute, including the proviso aforesaid. The court quotes and discusses the terms of the proviso and with respect to the proper construction of the proviso the opinion says this: "Upon consideration I am inclined to the view that the basis of classification intended by Congress must be found in the phrase 'by carelessness or negligence.' It is used in no other place in the entire section, and in the absence of some other ground for classification it appears to be not improbable that the legislative mind made a distinction between liabilities resulting from the carrier's negligence and those which rest upon a different basis, and accordingly declared that the carrier should not require notice of claims of damages arising out of its own negligence. While, for reasons which it is unnecessary to explain, we may be unable to assent to the wisdom or justice of denying to the carrier this right, such seems to be the intent of the proviso. * * * The damages claimed were not the result of delay or injury in loading or unloading the horses; they were damages 'in transit' as that phrase is ordinarily understood, and by the carelessness and negligence of the carrier, if the averments of the complaint are true. The phrase 'carelessness and negligence' undoubtedly qualifies 'damaged in transit.'

"In the case of a claim for damages suffered in the loading or unloading of a shipment, the grammatical re-

lation of the phrase, especially when we consider the punctuation, is more difficult.  But in some particulars the grammatical construction is manifestly defective, and, that being true, it may very well be that the use of a comma is the result of inadvertence rather than of design.  If in other respects the structure were artistic, perhaps a different view should be taken; but under the circumstances it is thought we are warranted in entirely ignoring the comma after 'unloaded' or inserting it after 'transit.'  In this view the proviso in effect relieves the shipper from giving notice or filing claim for such damages, and such damages only, as result from the carrier's negligence, either in loading the shipment at the point of origin, or in carrying it to the point of destination, or in there unloading it.  A claimant must either allege and prove notice and the filing of a claim, or must allege and prove negligence."

In *Gillete, etc., Co.* v. *Davis* (Director General), *supra,* ([C. C. A.], 278 Fed. 864), the case arose under the aforesaid Federal statute and the action was for damages occasioned the plaintiff shipper by the non-delivery and total loss of the shipment, after it had reached the point of destination, due to the theft of the goods, which theft, it was alleged, was due to the negligence of the defendant, transacting the business of an express company.  There was a clause in the bill of lading with respect to making claim which was substantially the same as in the instant case.  The court quoted and construed the meaning of the aforesaid proviso contained in the statute when read along with the provision in the preceding portion of the statute requiring the issue of a receipt or bill of lading for the property shipped and making the carrier "liable to the lawful holder thereof for any loss, damage or injury to such property carried by it or by any connecting carrier  *   *   *" etc., and

held that the case was embraced within the proviso, if the non-delivery and consequent total loss was due to the negligence of the defendant, and in the opinion this is said: "*   *   * it is clear that Congress intended by the language of the act that the carrier should be responsible for loss *occasioned the consignee* by the carrier's negligent delay, negligence in loading or unloading, *and negligence in transit*." *   *   * . (Italics supplied.)

"At common law a carrier was liable for 'any loss or damage which resulted from human agency, or any cause not the act of God or the public enemy. *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 509, 33 Sup. Ct. 148, 153, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.'

"Under section 7 of the bill of lading, as authorized by the act of March 4, 1915" (containing the first Cummins amendment which contains the aforesaid proviso), "the carrier is liable for any loss or damage resulting from any human agency, or some cause not the act of God or the public enemy, in case the consignee has given notice in writing of a claim of loss within four months after delivery of the property, or, in case of failure to make delivery, has given such notice within four months after a reasonable time for delivery has elapsed. *And if the consignee has failed to give the requisite notice*, the carrier *is liable for* negligent delay, if any, in delivering the property, or *negligence* while loading or unloading it or *in transit*, resulting *in the consignee's loss*." (Italics supplied.)

In *Winstead* v. *East, etc., Ry., supra* (186 N. C. 58, 118 S. E. 887), the cause of action also arose under the aforesaid Federal statute involved in the instant case. The action was for damages occasioned the plaintiff by the non-delivery and consequent total loss of a part of the shipment and by the delay in the transportation of

the residue of the shipment of cotton, all due, as alleged, to the negligence of the carrier. There was in the bill of lading precisely the same clause with respect to making claim as in the bill of lading in the instant case. The court held that the alleged negligence was established by the evidence, and that the aforesaid proviso, when read in the light of the preceding provisions of the statute, which require the carrier to issue the receipt or bill of lading for the property shipped, makes the carrier "liable to the lawful holder thereof for any loss, damage or injury to such property carried by it or by any connecting carrier," etc., and that the proviso embraced the claim of damages to the plaintiff due to the total loss of a part of the shipment, as well as such damages due to the delay in the transportation of the residue of the shipment, and that the defendant carrier was, by the statute, "deprived of any defense arising from the failure of plaintiff to give notice of claim," both as to the former and the latter claims of the plaintiff. Citing *Gillette, etc., Co.* v. *Davis,* and *Hailey* v. *Oregon, etc., R. Co., supra,* with approval.

The following other cases are cited in argument for the defendant to sustain the position "that a total loss in transit is not a damage in transit, within the meaning of the (aforesaid) statute," namely *Missouri Pacific* v. *Reed,* 148 Ark. 118, 228 S. W. 1047; *Freeman* v. *A. C. L.,* 120 S. C. 199, 113 S. E. 69.

*Missouri Pacific* v. *Reed* involved an intrastate shipment only.

In *Freeman* v. *A. C. L.* it does not appear that the loss was due to the negligence of the carrier, and the opinion merely refers to *Manning Oil Mill* v. *N. W. R. R. Co.,* 115 S. C. 224, 105 S. E. 343, as showing there could be no recovery in the absence of claim or notice of claim within the six months from delivery of the shipment

required by the bill of lading.   No reference is made in the opinion to the Federal statute aforesaid, and, while the shipment was made after that statute was in force, it seems plain that the Federal statute was not called to the attention of the court and was not applied in that case.   Reference to *Manning Oil Mill* v. *N. W. R. R. Co.*, discloses that it involved an intrastate shipment only, making it manifest that the court in its holding did not have the Federal statute in mind.

[5] It is further contended in argument for the defendant that the loss, damage or injury complained of in the instant case did not occur while the property was "in transit;" that after the property reached the point of destination it was no longer "in transit," although the contract of carriage had not been completely performed, by delivery according to the contract, or by the expiration of the free time for delivery; and *Bell* v. *N. Y. Central R. Co.*, *supra* (187 App. Div. 564, 175 N. Y. Supp. 712); *Royal Ins. Co.* v. *Texas & G. R. Co.*, 53 Tex. Civ. App. 154, 115 S. W. 117, 123; *Amory Mfg. Co.* v. *Gulf, etc., R. Co.*, 89 Tex. 419, 37 S. W. 857, 59 Am. St. Rep. 65; and *Gulf, etc., R. Co.* v. *Pepperell Mfg Co.* (Tex. Civ. App.), 37 S. W. 965; are cited in support of such contention.

*Bell* v. *N. Y. Central R. Co.*, does not sustain the contention which it is cited to support.   Although it does not appear from the report of the case whether the loss complained of in that case, which was occasioned by damage to a portion of the pears shipped, occurred before or after the pears reached the point of destination and were wrongly placed for delivery, the court held that it was a case of loss due to "damaged in transit," which it called a "transit" claim.

The precise point involved in the *Bell Case* was a mere matter of pleading—whether the court below was

right in refusing to strike out the defense that the action was barred because not brought within two years. The appellate court held that the court below was right in its decision for the reason that, although it was a transit case, in which no requirement of making claim within four months as a condition precedent to recovery was or could have been validly required by the bill of lading, yet the bill of lading contained the requirement, which was valid under the aforesaid Federal statute, that the action must be brought within two years. The court does not, it is true, in the opinion advert to the distinction above mentioned, namely, that the proviso aforesaid embraces only transit cases in which the loss, damage or injury complained of is due to negligence of the initial or connecting carrier. This omission, however, is doubtless explained by the fact that the court was dealing with a mere question of pleading, there being no objection to the pleading because of its lack of allegation of negligence so far as appears, and likely the pleadings as a whole or the record otherwise showed, although the report of the case does not disclose it that the case was one of negligence.

*Royal Ins. Co.* v. *Texas & G. R. Co.*, did not involve any contract of carriage whatever, either interstate or intrastate; but merely the construction of the terms of a fire insurance policy issued to the railroad company materially different from the terms of the Federal statute which we have under consideration. The same is true of *Amory Mfg. Co.* v. *Gulf, etc., R. Co.*, and *Gulf, etc., R. Co.* v. *Pepperell Mfg. Co.*

[6] We think that "in transit," as used in the proviso aforesaid, means at any time after the property has been received by the initial carrier for interstate transportation and before the contract of carriage for the entire transportation is completely performed; and that the

entire transportation includes delivery in accordance with the contract—which contract, of course, is assumed to be one which is valid under the aforesaid Federal statute. *Jennings, etc.* v. *Virginian Ry.*, 137 Va. 207, 119 S. E. 147, and cases cited. See also *Michigan, etc., R. Co.* v. *Mark Owen & Co.*, 256 U. S. 427, 41 Sup. Ct. 554, 65 L. Ed. 1032.

In the case last cited the loss or damage complained of was a total loss of a certain portion of the property shipped (grapes), occasioned by the negligence of the carrier after the grapes reached the point of destination and the car containing same in good condition had been placed on the proper delivery track; and the plaintiff had commenced unloading the property. The loss occurred after the acceptance of the car and its unloading had commenced, but before the forty-eight hours free time had expired after notice of its arrival had been sent in accordance with clause 5 of the bill of lading. Precisely the same clause is also contained in the bill of lading in the instant case. The Supreme Court held the defendant liable as carrier and in its opinion this is said: "* * * The property here was not delivered; access only was given to it that it might be removed, and forty-eight hours were given for the purpose. Pending that time it was within the custody of the railroad company, *the company having the same relation to it that the company acquired by its receipt and had during its transportation.*" (Italics supplied.)

The case will be affirmed.

*Affirmed.*