### 11883

### BOWMAN v. NORTHWESTERN R. CO. OF SOUTH CAROLINA

#### (130 S. E., 878)

1. CARRIERS—SHIPPER OF COTTON MUST COMPLY WITH PROVISIONS IN BILL OF LADING AS TO CLAIM FOR LOSS.—Interstate shipper of cotton, to recover for damages to cotton prior to loading, must show compliance with provisions in bill of lading that claim for loss be made within four months after delivery.

2. RAILROADS—BURDEN ON SHIPPER TO SHOW DIRECTOR GENERAL HAD CEASED TO OPERATE ROAD.—Under Acts of Congress, proclamation of President, and agreement between Director General and railroad, burden of proof was on shipper of cotton, suing railroad for damage, to show that at time of shipment Director General had ceased to operate the road.

Before Featherstone, J., Sumter, Spring Term, 1924. Reversed and remanded.

Action by W. A. Bowman against the Northwestern Railroad Company of South Carolina. From a judgment for plaintiff, defendant appeals.

*Messrs. Purdy & Bland* and *Tatum Wood & Wilson,* for appellant, cite: *Basis of best evidence rule:* 97 S. E., 417; 53 S. E., 423; 45 S. C. L., 415; 15 S. C. L., 372; 10 S. C. L., 155; 7 S. C., 224; 11 Rich., 415; 1 Peters (U. S.),

591; 22 C. J., 1220, 1279; 1 Elliott on Evidence, 2nd Ed.,
205.  *Hearsay evidence rule:*    129 S. E., 428; 121 S. E.,
554; 119 S. E., 19; 114 S. E., 702; 113 S. E., 688; 88 S.
E., 534.  *Claim not filed as prescribed in bill of lading:*
113 S. E., 69; 115 S. C., 224; 105 S. E., 343; 109 S. C.,
433; 96 S. E., 221; 108 S. C., 88; 93 S. E., 387; 91 S. C.,
503; 74 S. E., 1071.  *Provision for filing claims not avail-
able:*    119 S. E., 905; 118 S. E., 614; 118 S. E., 885; 91
S. E., 1042.  *Relation of railroad under Federal control
to public:*    256 U. S., 354; 65 L. Ed., 1087; 65 L. Ed.,
1157; 69 L. Ed., 314; 69 L. Ed., 316.  *Judicial notice taken
of Federal control of public utilities:*    223 S. W., 234; 223
S. W., 586; 86 So., 154; 85 So., 765; 85 So., 880; 192 P.,
728; 257 F., 879; 264 F., 962.

*Messrs. Lee & Moise,* for respondent, cite:  *Measure of
damages to personal property:*    108 S. C., 473; 81 S. C.,
478.  *Expense incurred in minimizing damage:*    17 C. J.,
1041.  *Bill of lading governed by Federal Act.*    128 S. E.,
417.

December 14, 1925.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The following is the statement:

"This action was commenced by the service of a summons
and complaint on the 25th day of March, 1922, for the re-
covery of damages alleged to have been suffered by the plain-
tiff on account of injury to 322 bales of cotton shipped over
defendant's railroad in the summer of 1919, and was tried
before Judge Featherstone and a jury at the Spring term
of Court, 1924, at Sumter, S. C.

"Mr. Moise, of counsel for the plaintiff, stated that Mr.
L. H. Deas, one of his witnesses, was absent.  His state-
ment was admitted to be read in the usual manner.

"Mr. Moise called on the counsel for the defendant, say-

ing, 'I would like to call on you now for the original claim filed on the Northwestern Railroad by the plaintiff. You have the notice.'

"Mr. Tatum, of counsel for the plaintiff, stated: 'We have no such claim.' Notice to produce had been duly given.

"The trial resulted in a verdict for the plaintiff in the sum of $6,244.42, on which judgment was duly entered, and within due time thereafter the defendant gave notice of intention to appeal to the Supreme Court from such judgment. The defendant asked the Court to charge the jury that there was no evidence of waiver, and his refusal was made the basis of the eighth exception.

"The bills of lading were in the standard usual form, and the cotton was thereby consigned to the consignee named in the bill of lading to New York by Atlantic Coast Line Railroad Company and Clyde Line, care of Middleton Warehouse & Compress Company. Each bill of lading contained the following provision, viz.: 'Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin, within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made, the carrier shall not be liable.'

"A motion for a direction of a verdict for the defendant was made and refused."

There are eight exceptions, raising a number of questions. We do not think it necessary to take them up separately, as, in our view of the case, the cotton was injured before it was loaded; it was not injured in loading and unloading; not injured in transit.

It was incumbent on the plaintiff to show that he had complied with the provisions in the bill of lading as to his claim for loss. Each bill of lading contained the provision set out in the statement, *supra*. The

letter of plaintiff to Wilson, president of defendant railroad, fails to comply with the provisions of the bill of lading.

The shipment of the cotton was made in the summer of 1919, and suit brought in March, 1922. On November 16, 1925, the Supreme Court of the United States in the case of *Davis, Director General, v. John L. Roper Lumber Co.*, 269 U. S.—, 46 S. Ct. 28; 70 L. Ed.—, through Mr. Justice Butler, who delivered the opinion of the Court, says (and we quote the whole opinion) :

"There is here for a review a judgment of the Supreme Court of Appeals of Virginia which affirmed a judgment of the Court of Law and Chancery against petitioner for $1,046.88. 138 Va., 377; 122 S. E., 113. June 24, 1918, at New Bern, N. C., respondent delivered to petitioner, then operating the Norfolk Southern Railroad, a carload of scrap iron for transportation over that line and connecting lines to Clarksburg, W. Va. Petitioner issued a bill of lading, consigning the shipment to the order of respondent, 'notify George Yampolsky at Clarksburg.' It contained a clause requiring surrender of the bill of lading properly indorsed before delivery of the property, and provided that: 'Claims for loss, damage or delay must be made in writing to the carrier * * * within six months after delivery of the property, or in case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable.' The shipment arrived at Clarksburg, July 15, 1918, and on that day was delivered to Yampolsky without surrender of the bill of lading and without the knowledge of the respondent, who at all times has been its lawful holder. No claim was made by respondent until March 5, 1920.

"The Act of Congress of March 4, 1915 (known as the first Cummins Amendment), C. 176, 38 Stat. 1196, 1197

(Comp. St. § 8604a), amending Section 20 of the Act to Regulate Commerce, requires a common carrier, receiving property for transportation in interstate commerce, to issue a receipt or bill of lading therefor, and makes it liable to the holder for any loss, damage, or injury to such property, and contains these provisos: 'Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery.'

"There is presented the question whether this case is one in which the right of recovery may be made to depend upon the making of claim as required by the bill of lading. The provisions in Section 20 have been recently considered by this Court in *Barrett v. Van Pelt,* 268 U. S., 85; 45 S. Ct., 437; 69 L. Ed.—. It was there pointed out that the purpose of the second proviso is to take some cases out of the general rule declared by the first proviso. And, in view of the inapt language and defective structure of the second, it was held that the word 'damaged' should be read 'damage,' and that the comma after 'unloaded' should be eliminated. It was also held that 'carelessness or negligence' is an element in each case of loss, damage, or injury there named. The judgment now before us was given prior to that decision. The State Court held that the damage resulting to respondent from the misdelivery occurred while the shipment was 'in transit,' within the meaning of the proviso, and that therefore the provision of the bill of lading requiring claim to be made was invalid. It said that 'in transit' means

at any time after the property has been received by the initial carrier and before delivery in accordance with the con-. tract of carriage. But that view cannot be sustained. The loss was due solely to misdelivery; that is 'a failure to make delivery' in accordance with the bill of lading. *Georgia, Fla. & Ala. Ry. v. Blish Co.,* 241 U. S., 190, 195; 36· S. Ct., 541; 60 L. Ed., 948. As construed by this Court, the second proviso embraces three classes: (1) Loss, damage, or injury due to delay; (2) damage while being loaded or unloaded; (3) damage in transit. Clearly misdelivery is not in the first or second class. And, unless it is in the third class, the proviso does not apply. The context shows that the phrase 'in transit' was not intended to have the broad meaning attributed to it by the State Court. In the proviso, claims on account of damage 'while being loaded or unloaded' are separate and distinct from those for 'damage in transit.' The creation of the former class would be wholly unnecessary and inappropriate, if the latter is to be taken to include both classes. Loading precedes, and unloading follows, transit. In the ordinary and usual meaning of the word, 'transit' ends before delivery at destination. Misdelivery is not mentioned in the proviso; and the language used is inconsistent with and negatives any intention to include claims for damages on account of misdelivery in the class defined as 'damage in transit.'

"Respondent contends that, under Section 10 of the Bill of Lading Act, C. 415, 39 Stat., 538, 540 (Comp. St. § 8604ee), it was not necessary to comply with the requirement of the bill of lading. The point is without merit. That section provides: 'Where a carrier delivers goods to one who is not lawfully entitled to the possession of them, the carrier shall be liable to any one having a right of property or possession in the goods.' * * * The rule of liability so declared is not inconsistent with the second proviso in Section 20, which relates merely to the enforcement

of liability.    The provisions of both acts are to be read together, and applied in harmony with the bill of lading. More than 19 months elapsed before respondent made any claim.    There is nothing in the statutory provisions relied on by respondent to excuse its failure to make claim within the time specified in the shipping contract."

.The damage in the case at bar did not arise while
2    being loaded or unloaded, nor while in transit, but the damage to the cotton was before it was loaded— not being protected from the weather.    Under the Acts of Congress, proclamations of the President, agreement between Director General and the defendant road, the burden of proof was on the plaintiff to show at the time of the shipment of the cotton that the Director General had ceased to operate the road.    This he has failed to do.

The judgment is reversed and case remanded to the Circuit Court, and the Clerk of Court will enter up judgment for the defendant under rule 27.

Reversed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring): I concur, but am inclined to think that the matter of filing claim is one of defense.